ALBUN K. TRASK, Administrator, *vs.* THEODORE SHOTWELL and others.

June 17, 1889.

**Negligence—Duty and Breach must be Proved.**—To maintain an action for negligence, there must be shown to have existed some obligation or duty towards the party injured which the defendant has left undischarged or unfulfilled.

**Same—Dangerous Premises — Grounds of Occupant's Liability.**—To charge a defendant with negligence, on the ground that he has caused a place to be or remain in an unsafe and dangerous condition, whereby accident and injury have resulted to another, he must have done, or omitted to do, an act by which a legal duty or obligation has been violated.

**Same—Occupant not Liable to Trespasser.**—The testimony in this case examined, and found to have warranted the trial court, under the rules laid down by this court in *Abbett* v. *Chicago, Mil. & St. Paul Ry. Co.*, 30 Minn. 482, and *Bennett* v. *Syndicate Ins. Co.*, 39 Minn. 254, in its instruction to the jury to find a verdict for defendants.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial, the action having been tried before *Young*, J., and a verdict directed for defendants.

*Benton & Roberts*, for appellant.

*Wilson & Lawrence*, for respondents.

COLLINS, J. This is an action brought by the appellant, as administrator, to recover damages for the death of his intestate, one George R. Trask, which death, it is alleged, was occasioned through the culpable negligence of defendants in maintaining an unlighted and unguarded elevator shaft upon their premises, into which Trask fell on the morning of November 28, 1887. The defendants were wholesale dry-goods merchants. In the rear of their store was a shipping-room, with an outside door opening upon an alley-way. In one corner of this shipping-room was a small office. The elevator shaft was about 5 feet square, and some 16 feet from the door before mentioned. The shipping-room was used by defendants' employes, out of which to ship goods, and no other persons were allowed in there, except as hereinafter stated. The elevator was used for

fre'ghting purposes solely, and no guards were placed about the shaft when the elevator was in use. The plaintiff had purchased goods of defendants, and on the morning in question sent Trask, the deceased, who was his nephew and also in his employ, for them. With him was a team and teamster. Trask and the teamster went to the main entrance of the store, and there received one package of the goods. Trask was then told by a clerk of the respondents to go with his team to the door in the alley, rap upon it, and the shipping-clerk would deliver the balance to him. The clerk who gave these directions testifies positively to this, and that he told Trask to wait outside the door. The teamster, who seems to have overheard what was said, and was a witness for plaintiff upon the trial, did not contradict or qualify this testimony, and we must assume that Trask was neither directed, invited, nor induced to enter the room, but was told to rap on the door, and remain outside until the clerk gave him his packages. The teamster drove into the alley, and there found Trask standing in the doorway of the shipping-room. After giving some instructions to the teamster, he stepped into the room, closing the door after him. In a few minutes he was found in a dying condition upon the basement floor, having fallen, evidently, down the elevator shaft, the elevator having gone to an upper floor. He was not seen to fall, and the particulars of the accident are unknown. From the injuries received he very soon afterward died.

There was considerable testimony offered and received as to the condition of the light, from a window and by artificial means, in this shipping-room at the time Trask entered it. That offered by the plaintiff was to the effect that it was a dark and insufficiently lighted room, while the testimony in defendants' behalf tended to show that the room was well lighted, that the elevator shaft was in plain sight, and, consequently, in any aspect of the case, Trask was guilty of contributory negligence. In our opinion, it is not necessary to consider this branch of the testimony at all.

It is evident that this shipping-room was not used by the general public. The witnesses examined on this point stated, without exception, that no one was allowed to go in there except persons in defendants' employ, teamsters who were specially invited inside to aid

the porters in handling heavy packages or cases, and two or three expressmen, who habitually received and delivered goods at that place in the building.　When all of the testimony in the case had been laid before the jury, the trial court ordered a verdict for the defendants, and it is this ruling which we are called upon to review. The rules which generally govern in cases based upon negligence, and by which they are to be determined, are clearly stated in *Abbett* v. *Chicago, Mil. & St. Paul Ry. Co.,* 30 Minn. 482, (16 N. W. Rep. 266,) and, more recently, in *Bennett* v. *Syndicate Ins. Co.,* 39 Minn. 254, (39 N. W. Rep. 488.)　They need no repetition here.　Applied to the undisputed facts of this case, we are brought to the conclusion that the trial court did not err in its instruction to the jury. I In order to maintain this action, there should have been shown to exist some obligation or duty towards plaintiff's intestate which the defendants had left undischarged or unfulfilled.　There could be no fault or negligence or breach of duty where there had not been an act or a service which the defendants were bound to perform. I The owner or occupant of real property is bound to use ordinary care and diligence to keep his premises in a safe condition for the access of those persons who come thereon by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him.　*Nash* v. *Minneapolis Mill Co.,* 24 Minn. 501.　A trespasser who visits the premises of another has no right of action if he runs against a barrier or falls into an excavation; for the owner is under no obligation to protect or provide safeguards for wrong-doers.　All of the cases in which a party is sought to be charged on the ground that he has caused a place to be or remain in a dangerous condition, whereby accident and injury have been occasioned to another, turn on the principle that negligence consists in doing or omitting to do an act by which a legal duty or obligation has been violated.　*Sweeny* v. *Old Colony, etc., R. Co.,* 10 Allen, 368, (87 Am. Dec. 644.)　The deceased had not been invited or induced, directly or by implication, into the shipping-room.　In fact, it is undisputed that he had been told to stay outside.　He did not enter the room because he had been led to believe that it was intended for use by customers or others having business at the store, and that such use was not only acqui--

esced in by the defendant proprietors, but that it was a part of the premises designed for the use of all who might have business with them. He entered this apartment of his own motion, and contrary to express instructions. Going into a place not prepared for visitors or customers, intended for those only who were employed about and were familiar with it and its dangers, he assumed the risk and peril of the act.

Order affirmed.