DORA FREDENBURG v. GOTTLIEB BAER and Another.[1]

May 8, 1903.

Nos. 13,445—(117).

**Excavation on Private Property.**

Plaintiff was injured by falling into an excavation made by defendants in front of a cellar window of a building owned by them, to admit light and air into the cellar, and brought this action to recover damages therefor. It is *held* that the evidence fails to show that defendants were under legal obligation to keep their premises in good repair for plaintiff's use; that she was not thereon at the time of the injury by the request, express or implied, of defendants, and the trial court properly directed a verdict in their favor.

Appeal by plaintiff from an order of the district court for Becker county, Baxter, J., denying a motion for a new trial. Affirmed.

*Tillotson & Campbell* and *M. A. Hildreth*, for appellant.

*J. H. Baldwin* and *M. J. Daly*, for respondents.

BROWN, J.

Action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendants. At the close of the trial in the court below a verdict was directed for defendants, and plaintiff appealed from an order denying a new trial.

The principal question presented by the record in this court is whether the evidence made a case for the jury. The facts are as follows: Defendants are the owners of a two-story building at

[1] Reported in 94 N. W. 683.

89 M.—16

Frazee, this state, the ground floor of which they occupy in their business as general merchants; the upper story, divided into' offices and a public hall, being rented to others for office purposes, and to various secret societies. At a distance of about one hundred thirty feet in the rear of the building, but upon the right of way of the Northern Pacific Railway Company, defendant had erected a closet for the use of themselves, clerks, and occupants of the offices, but there is no evidence that it was intended for the use of members of the societies occupying the hall. The closet had two compartments, one of which was kept locked; keys being furnished to those for whose use it was erected. The unlocked compartment appears to have been used by patrons of defendant's store, and was unclean and not fit for use of ladies, nor intended for them. The door leading to the upper story of the building is located in the rear, but upon the side facing the street; and, in going to the closet, it is necessary to go out of this door, and then pass diagonally in the rear of the building across defendants' lots to where it is located. There is a well-worn path from this door to the closet—made, undoubtedly, by the occupants of the offices, and defendants and their employees. Immediately in the rear of the building, and around the corner from the door leading to the hall, defendants had made an excavation in front of a cellar window for the purpose of admitting light and air into the cellar, which excavation was about seven feet from the corner of the building, would be passed in going to the closet, and was uncovered and wholly unprotected. On the night of the accident complained of, the members of the society known as "Royal Neighbors," a tenant of the hall, gave a public entertainment therein, which plaintiff attended. Between twelve and one o'clock she found it necessary to answer a call of nature, and for the purpose left the hall in company with a lady friend, intending to go to the closet. The night was quite dark, she had never been to the closet before, and it was difficult for her to find her way. She stepped from the sidewalk, intending to follow the path leading to the closet, but lost it, and in some way fell into the cellar-window excavation and was injured. She brought this action for

damages on the ground of the alleged negligence of defendants in failing properly to guard and protect the excavation.

The owner of real property is required by law to exercise reasonable care to keep his premises in safe condition for the benefit of those coming upon them by his express or implied invitation, and for a negligent failure to perform that duty, if injury result to a person lawfully thereon, he is liable in damages. The liability extends only to persons entering upon the premises by the express or implied invitation of the owner, or persons occupying the same, such as tenants, patrons, and customers, and their servants and agents, and not to trespassers, intruders, or merely licensees.

The principal question in the case at bar is whether the evidence brings plaintiff within this rule—whether it shows that she was upon the premises at the point where the accident occurred by the express or implied invitation of defendants, and whether defendants owed her any duty in respect to the condition of their premises. We are of opinion that the evidence falls short in this respect, and that the trial court was justified in directing a verdict for the defendants. There is no evidence that the closet was erected for the benefit of the members of the secret societies renting defendants' hall; no evidence that the right to use it was included in the terms of the lease under which they were occupying it. The lease was not offered in evidence, nor any testimony given in respect to its terms or provisions. Neither is there any evidence that the members of the societies were in the habit of using the closet with the knowledge or consent of defendants. There is some evidence to the effect that members of the societies had gone to the closet on several occasions, but nothing to show that the defendants had notice of any such custom or practice. To charge defendants with liability in this case, it should appear that the use of the closet was either expressly or impliedly granted to the members of the secret societies; otherwise no duty devolved upon defendants to provide such members with safe passage to and from it. If the right had been expressly granted to the societies, it would extend, undoubtedly, to their guests, whether members or not, and would constitute an express permission to

make use of the premises in the rear of the building in going to and from the closet. But as there was no such express grant, and no evidence that defendants knew that the closet was being used by members of the societies, no cause of action is shown, and the order appealed from is affirmed.

Order affirmed.