### STEPHEN LUKAS vs. JULIUS REECE & another.

Norfolk.   May 24, 1928.— June 29, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Employer's liability, Trap door.

In an action of tort for personal injuries by an employee against his employers, two partners who were not insured under the workmen's compensation act, there was evidence that the plaintiff, in the course of his employment in cementing a blanket at a table very near a trap door, of which he knew and which uncovered a stairway which he and the other employees used in going for cement, fell down the stairway as he in his work moved backwards to the door, because one of the defendants had opened the door and, although the plaintiff was seen by him working near it, had left it open for some minutes without warning him; and that, after the accident, one of the defendants in speaking to the plaintiff about the door said, "It is our fault." There was a verdict for the plaintiff. *Held,* that

(1) It was proper to refuse a ruling of law that there was a contractual assumption of the risk of an injury resulting from the trap door being left open;

(2) The question of the defendants' negligence was rightly submitted to the jury.

TORT for personal injuries.   Writ dated February 11, 1925.

In the Superior Court, the action was tried before *Mc-Laughlin,* J.   Material evidence is stated in the opinion. A motion by the defendants that a verdict be ordered in their favor was denied.   There was a verdict for the plaintiff in the sum of $500.   The defendants alleged exceptions.

The case was submitted on briefs.

*H. F. Parker,* for the defendants.

*J. W. Murdoch,* for the plaintiff.

SANDERSON, J.   The personal injuries for which the plaintiff seeks recovery were caused while he was employed as a cementer of blankets by the defendant partnership.   It was not insured under the workmen's compensation act and the due care of the plaintiff is not an issue in the case.   G. L. c. 152, § 66.   *Schlehuber* v. *American Express Co.* 230 Mass. 347.   The defendants occupied a one-story building, with a basement reached by a flight of stairs leading down from an

opening in the floor three feet in width closed by a trap door, without railing or guard; when open the door rested against the rear wall. The construction of the door, opening and stairway had not at any time been changed and no evidence was introduced of any defect or want of repair. In the defendants' shop the cementers customarily went to the basement through this trap door for their supply of cement, leaving the door open two or three minutes while they remained there, and they were instructed to close the door upon their return; the plaintiff had gone for cement in this way about twice before the accident. The blanket upon which he was at work at the time of the accident was on a table near the trap door, and was wider and longer than the top of the table. When starting work on this blanket he noticed that his foot was on the door. In applying the cement to the edge of the cloth his work required him to move away from the end near the trap door to the other end of the table, and, in performing the next operation, to move backward toward the end of the table from which he started and toward the trap door. In moving backward he was injured by falling into the cellar through the trap door which, in the meantime, had been opened by one of the defendants. This defendant saw the plaintiff, and the jury could have found that he knew or should have known that the plaintiff, in the performance of his work, was moving or about to move backward toward the opening. No warning was given the plaintiff and he did not hear the door opened. After the accident one of the defendants in speaking to the plaintiff about the door said, "It is our fault." The defendant who left the door open, after going down cellar, went outside the building, remaining there three or four minutes.

The fact that the trap door was in the floor in a place where it could easily be seen when the plaintiff went to work would not justify a ruling that there was a contractual assumption of the risk of an injury resulting from the trap door being left open under the circumstances here disclosed.

The court said, in *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412, 414, "It is one thing to open a trap door and leave it unguarded, and another to maintain

a hole all the time which is obvious to any one who looks on the floor in which the hole is." The jury could have found that the defendant who left the door open should have anticipated that the plaintiff would be likely to step into the opening unless warned in some way that the door had been opened. *Falardeau* v. *Hoar*, 192 Mass. 263. The plaintiff's knowledge that the door was opened from time to time and might be left open two or three minutes at a time would not prevent him from recovering in a case where contributory negligence is not a defence. The question of the defendants' negligence was rightly submitted to the jury.

*Exceptions overruled.*