KATHERINE GROGAN *vs.* O'KEEFFE'S INC.

Suffolk.    February 26, 1929. — May 28, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Invited person, Of proprietor of store, Of person in charge of child.

A merchant is bound to exercise the care of a reasonably prudent person to keep his premises in a safe and suitable condition for use by those who come upon and pass over them by reason of any invitation, allurement or inducement, either express or implied, on his part.

The proprietor of a store with display windows exhibiting groceries and provisions for sale may be found to have invited into the store a woman who had traded there on former occasions and also her child four years of age who could not safely be left alone or conveniently entrusted to the care of others.

Evidence, at the trial of an action by such child for personal injuries resulting from his falling through a trap door in the floor of the store, that the door had been opened by an employee of the defendant with the intention of cleaning the cellar and had been left open without guard or barrier while he waited on a customer other than the plaintiff's mother, warranted a finding of negligence on the part of the defendant.

The plaintiff in the action above described was too young to be capable of exercising due care.

Evidence at the trial above described, that the plaintiff's mother, not knowing of the trap door, had let go of the plaintiff's hand momentarily to open her pocket book and obtain therefrom money to pay for purchased articles, warranted a finding that the mother exercised every care a reasonably prudent person would have exercised in looking out for the safety of the plaintiff and in guarding him from every peril which she had reason to believe or to anticipate might menace the plaintiff while on the premises of the defendant.

TORT for personal injuries.    Writ dated July 16, 1926.

In the Superior Court, the action was tried before *Collins,* J.    Material evidence is stated in the opinion.    There

was a verdict for the plaintiff in the sum of $5,000. The defendant alleged exceptions.

The case was submitted on briefs.

*G. F. Garrity, A. Donahue, & F. M. Ryder,* for the defendant.

*J. J. O'Hare & C. J. Muldoon, Jr.,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for injuries sustained by a minor child four years of age when she fell through a trap door which had been left open by a servant of the defendant in the floor of a grocery store maintained by the defendant. The case was tried to a jury and there was a verdict for the plaintiff. It is the contention of the defendant that its motion for a directed verdict in its favor, filed at the close of all the evidence, should have been allowed; and that its requests (1) that upon all the evidence the jury should find that the plaintiff Katherine Grogan was a bare licensee and (2) that upon all the evidence the jury should find that the only duty the defendant, its agents or servants owed the plaintiff was to refrain from wantonly and wilfully injuring her, should have been given.

Upon the evidence introduced at the trial bearing on the due care of the plaintiff and negligence of the defendant which is contained in the bill of exceptions, the jury would have been warranted in finding the following facts, taken in their aspect most favorable to the contention of the plaintiff. *Shea* v. *American Hide & Leather Co.* 221 Mass. 282. The grocery store where the accident happened was about twenty-five feet long and about twenty feet wide, with two display windows in the front. The entrance was by a double door, one side closed, with glass in it. The store was particularly dark because of the elevated structure directly in front of it, and the day of the accident was cloudy. Immediately before the accident the store was lighted only by the two front windows. As one entered there was a counter on the right at which groceries, butter, eggs, etc., were sold. On the left of the entrance there were display shelves which contained canned goods, cereals and crackers. In the rear opposite the entrance there was a butter counter, and back of that an ice

chest about ten feet long and three feet wide. There was a trap door leading into a cellar about twenty feet from the front door and near the butter counter. About three feet from the trap door and between it and the front of the store there was a cracker display. On the side of the trap door near the butter counter other kinds of merchandise were kept. The trap door was two and one half feet wide, three and one half feet long, and opened, folded back toward the cracker counter. When closed, customers, including "children coming in to look at the cookies and different things would have occasion to walk over that trap door." "The store was right in the middle of a thickly settled community; children came into that store right along; children bought crackers there and cookies, and different things; it was a place that after school hours, and on the way from school, at noon and at other times, children would come in and out right along, and the store always sold to them and gave to them what they wanted; children of all ages, from four or five years up came in there."

A witness called by the defendant testified, in substance, that at the time of the accident he was an assistant clerk to the manager of the store; that "About five minutes before Mrs. Grogan [the mother of the plaintiff] came in, . . . [he] opened the [trap] door with the intention of cleaning the cellar, and the manager, Mr. O'Keefe, went and waited on Mrs. Grogan, and so another customer came in. He was waiting on her. So . . . [he] left the trap door open to go wait on the other lady. While . . . [he] was waiting on the other lady the accident happened."

The facts which might reasonably have been found relating directly to the accident in substance are as follows: Mrs. Grogan, with the plaintiff and her somewhat older sister, on June 24, 1926, at about 3:30 P.M. went to the O'Keeffe store to purchase lard, butter and eggs. She had traded there for five or six months, usually every Saturday night. She knew the location of the various counters; she had never noticed the presence of a trap door, and had "been over near to it, but never knew there was a trap there." On this occasion on entering the store she went at once to the grocery

counter having "hold of Katherine's and Helen's hands." She gave an order for lard, butter and eggs to the manager, who was back of the grocery counter; her back was to the trap door, as she later learned. When she went to pay for these articles Katherine asked for crackers and Mrs. Grogan said "Yes"; and said also, to the manager, "you might as well give me a can of olive oil." While the oil and crackers were being put up, Mrs. Grogan let go of Katherine's hand in order to open her pocket book and obtain therefrom money to pay for the purchased articles. As she withdrew the money she gave a side glance and saw Katherine falling into the entrance to the cellar, "saw her feet going up in the air." The manager went down in the cellar and got the plaintiff who was severely injured.

The general rule applicable to merchants who invite the public to enter their premises is that a merchant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them, using due care, if he has held out any invitation, allurement or inducement, either express or implied, by which they have been led to enter thereon. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 373, 374. Where the user exists for the advantage of both parties it is deemed an invitation. "A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability; but if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use, and for a breach of this obligation he is liable in damages to a person injured thereby." In the instant case the evidence warranted a finding that there was an implied invitation to Mrs. Grogan to use the premises of the defendant in so far as they were maintained by it as a retail store; and warranted the further finding that such invitation by well-known custom and usage was intended by the defendant to extend to and include her small children who could not safely be left alone or conveniently entrusted to the care of others. *Plummer* v. *Dill*, 156 Mass. 426. See *Holbrook* v. *Aldrich*, 168 Mass. 15; *Murphy* v. *Huntley*, 251 Mass. 555; *Howlett* v. *Dorchester*

*Trust Co.* 256 Mass. 544; *O'Rourke* v. *Marshall Field & Co.* 307 Ill. 197. Assuming the plaintiff had the rights of an invitee, it is plain the jury warrantably could have found on the undisputed evidence that the defendant had not exercised reasonable care to keep the premises safe, and that it was negligence on its part to leave an opening in the floor without barriers or otherwise guarded at a place where customers and children were wont to go at the invitation of the defendant. *McDermott* v. *Sallaway,* 198 Mass. 517. *Smith* v. *Johnson,* 219 Mass. 142. *Lukas* v. *Reece,* 264 Mass. 312. The defendant was not entitled to the requested instruction "that, the plaintiff Katherine Grogan, was a bare licensee."

The plaintiff being too young to be capable of exercising due care, *Sullivan* v. *Chadwick,* 236 Mass. 130, the final question for decision is, Did Mrs. Grogan exercise due care in respect to the safety of the plaintiff? See *Marchant* v. *Boston & Maine Railroad,* 228 Mass. 472. It is obvious, without recitation of particular facts, that the evidence abundantly warranted a jury in finding that Mrs. Grogan exercised every care a reasonably prudent person would have exercised in looking out for the safety of the plaintiff and in guarding her from every peril which she had reason to believe or to anticipate might menace the plaintiff while on the premises of the defendant. The refusals to direct a verdict for the defendant and to give the requested rulings were right.

*Exceptions overruled.*