## C. B. MOSHER v. ANTON G. HANSON COMPANY AND OTHERS.[1]

December 21, 1934.

No. 30,106.

[1]Reported in 258 N. W. 158.

116

 

*R. H. Fryberger,* for appellant.
*Cobb, Hoke, Benson, Krause & Faegre,* for respondents.

DEVANEY, CHIEF JUSTICE.

Negligence action for personal injuries sustained by Donald Mosher, a minor, when he fell into a grease pit in a public garage. The action is brought by C. B. Mosher, Donald's father and natural guardian. There are three defendants, Anton G. Hanson Company, the owner of the garage, E. O. Reiten, the lessee of the garage, and the Aetna Casualty & Surety Company, the lessee's insurer. At the close of the trial the court directed a verdict against plaintiff and in favor of all three defendants. From a denial of his motion for a new trial plaintiff appeals to this court.

It appears that on the morning of August 13, 1932, plaintiff drove his car into the garage here involved for repairs. He was accompanied by his son Donald, then two years and seven months of age. For the sake of clarity, a plat of the garage is appended hereto.

Plaintiff drove in the door marked "A" and to the rear or north end of the garage, where the workshop was located. Plaintiff stopped and got out of the car approximately at the spot marked "B" and talked with defendant Reiten, the lessee of the garage. Donald remained in the car temporarily. After some conversation, plaintiff and Reiten went to the office through the door marked "C" to transact business. Plaintiff took Donald with him. While in the office Donald apparently wandered out of the office and back into the other part of the garage. About two minutes later defendant Reiten ran from the office to the grease pit marked "D". Donald was lying at the bottom of the pit unconscious. He was rushed to a hospital. Later it was learned he had received a frac-

tured skull. There is no evidence as to how Donald came to fall into the pit.

Plaintiff's claim of negligence is based in general on the manner in which this grease pit was maintained and on the fact that this pit was open and unguarded. It will appear from the plat that there are two pits. Pit "E" was covered over with boards. Pit "D" was open. As can be seen, pit "D," into which Donald fell, is but a few feet from an outside door and is open and unguarded on the end farthest inside the garage. A pipe rail about three feet above the level of the floor runs alongside this pit and along the end of pit "E." The pit is approximately five and one-half feet deep and three and one-half feet wide. It was testified that this pit usually was used three or four times a day and that oil and grease dripping from the various cars often remained on the sides and around the edges of the pit. There are guides five and one-half inches high and three inches wide on either side of both pits to guide the wheels of automobiles as they run over the pit. At the inward end of pit "D" a provision is made for a removable pipe rail. This frequently is taken out and left out so that cars may be driven from the pit into the garage or *vice versa*. At the time of Donald's fall there was no car on the pit, and the outside door behind pit "D" was open. It appears that this pipe rail, which is three feet high, had no guard under it to prevent children from getting under the rail and into the pit.

Only one question is presented: Did either or any of the three defendants violate a duty owed Donald so as to make the question of negligence one for the jury?

Under the view we take of this case, it becomes unimportant to determine whether Donald in coming onto the premises originally in the company of his father was a licensee or an invitee. Certainly, when he wandered out of the office away from his father and into the other part of the garage he was merely a licensee. It has been held that where a person is an invitee on premises, but in taking leave chooses to cut across the yard, where she comes in contact with a wire rather than to follow the walk, she no longer is an invitee but is merely a licensee. Mazey v. Loveland,

133 Minn. 210, 158 N. W. 44, L. R. A. 1916F, 279. In the case of Schmidt v. George H. Hurd Realty Co. 170 Minn. 322, 212 N. W. 903, a person entered a new restaurant not yet open to the public for serving meals. He learned this fact by inquiry. In leaving, he chose not to go directly out, but to go to a portion of the room partitioned off. In some manner he fell down an elevator shaft. It was held that if he was an invitee originally he became merely a licensee when he went near the elevator shaft, and that defendant violated no duty toward him. Of somewhat similar import are the cases of Trask v. Shotwell, 41 Minn. 66, 42 N. W. 699; Fredenburg v. Baer, 89 Minn. 241, 94 N. W. 683; Peake v. Buell, 90 Wis. 508, 63 N. W. 1053, 48 A. S. R. 946; Pierce v. Whitcomb, 48 Vt. 127, 21 Am. R. 120. So, even if it be assumed, though we do not so decide, that Donald was an invitee in the first instance, it is clear as a matter of law that he was merely a licensee when he went out by the grease pit where he fell.

Being a licensee, Donald is held to have taken the premises as he found them. Kohler v. W. J. Jennison Co. 128 Minn. 133, 135, 150 N. W. 235. Defendants were not obliged to take active measures to protect him from dangers incident to the ordinary use to which the premises are subject. It frequently is stated that an owner owes to a licensee only the duty to be free from wanton and wilful negligence and owes no duty to keep the premises in a safe condition. See cases cited *ante;* 4 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 6984, 6985.

In this case it is clear that defendants owed to Donald or to other children who might go near the grease pit under the same circumstances no duty to erect special guards under the rail pipe. The ordinary use of the premises required that the door behind the pit opening outside be kept open so that persons could drive on the pit. The pit was used every day several times. Reasonable care under the circumstances required no more than what was done. The premises were not constructed with the idea that children would normally be around the grease pit or use the garage as a playground. Hence defendants were under no duty to anticipate the presence of children and to erect special guards under the

rail pipe. Evidence that Ramsey, a former partner of defendant Reiten, at one time slipped on some grease and fell into the pit is immaterial here in determining whether a duty was owed to Donald to guard the pit more fully.

We have not considered the case as to each individual defendant. Taking the view we do, that there was no duty owed .Donald to maintain the premises otherwise than as they were, we need not consider whether defendant insurance company was a proper party and whether defendant Anton G. Hanson Company was liable. Since there was no duty violated, the action fails as to all three defendants. We have read plaintiff's assignments of error with care and find nothing therein constituting prejudicial error.

Affirmed.

