MARION WALEC, AN INFANT, BY HER NEXT FRIEND, MARY WALEC, AND MARY WALEC, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. JERSEY STATE ELECTRIC CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 8, 1940—Decided May 21, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the plaintiffs-appellants, *Lewis Winetsky.*

For the defendant-respondent, *Connolly & Hueston.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff appeals from a judgment of nonsuit in an action brought to recover damages for personal injuries. The plaintiff, an infant aged five, had entered the defendant's store, accompanied by her mother and grandmother. In the front part of the store there was an opening in the floor for the purpose of access to the cellar.

There was a collapsible gate to guard the opening in the floor but at the time in question the gate was to one side and "tied with a string." In other words, at the time, the gate was not in use as a barrier to the opening in the floor. It also appears that there was a railing alongside the opening and the testimony is that merchandise concealed this railing because "ice-boxes and radios and lamps were stacked against it." It further appears that there was neither a light nor a sign nor a guard to warn the public of the floor opening which led to the cellar. One witness describes the railing as one that was "hidden with these ice-boxes and radios and things and there were no lights indicating that there were stairs there." We must accept the plaintiff's evidence of the facts as true and give her the benefit of whatever legitimate inferences these facts could reasonably support.

The learned trial court thought that there was sufficient evidence of negligence in the case but that proof was lacking as to just how the accident happened and that this failure of proof was fatal to the plaintiffs' case. We do not agree with this conclusion.

It is reasonably clear that the plaintiff as an invitee—and that was her status at the time—was privileged to go to any part of the store reserved for customers and that a place not intended for a customer's use, i. e., the opening to the cellar, should, in the exercise of common prudence and caution by the store's owner, have been made reasonably safe by a light, sign, guard-rail, or some such contrivance, to put the public on notice that it was dangerous. None of those safeguards was present. The child either ran, walked or fell into this unguarded place. Which it was makes little difference. The notice that the side rail might afford was blotted out by the merchandise display. All of these facts and circumstances revealed in the testimony offered for the plaintiffs reasonably justify an inference that the injury was caused by the defendant's failure to protect the public against the hazard of the open gate. The proofs assuredly support a conclusion that the defendant was probably, not merely possibly, at fault. And this, under our cases, is sufficient to have a jury determine whether negligence ought to be inferred. "All that is

required is that the circumstances should be so strong that a jury might properly, on grounds *of probability rather than of certainty,* exclude the inference favorable to the defendant. The question arises only where the evidence is circumstantial and where probability may be all that is attainable." *Austin* v. *Pennsylvania Railroad,* 82 *N. J. L.* 416; *Jackson* v. *Delaware, Lackawanna and Western Railroad,* 111 *Id.* 488.

The judgment will be reversed, costs to abide the event.