ADAM PELLICOT *v.* DANIEL KEENE, INFANT, ETC.
[No. 34, October Term, 1942.]

*Decided November 18, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Robert E. Coughlan, Jr.,* for the appellant.

*Michael J. Manley*, with whom were *Benjamin N. Kline* and *Harley, Wheltle & Manley* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

On the 3rd day of April, 1941, and for some years prior thereto, the appellant conducted a grocery store at the southeast corner of Federal Street and Rutland Avenue, known as 1801 East Federal Street, Baltimore City. The entrance to the store is at the corner. To the north, along Federal Street, is a large show window, and to the east, along Rutland Avenue, there is also a large show window. From counter to counter is an open space six feet wide, used by customers. At the front of the store, next to the show window on Federal Street, running southerly and parallel to the west wall, is a card file and table extending one foot eleven inches; immediately next to this, and forming a part of it, is a high display rack five feet six inches long; the width of each is two feet six inches. From this point is a passageway one foot eight inches wide; and immediately next is a counter two feet three inches wide. This passageway is used by the proprietor and his clerks in going from behind the counter and display rack to the space in front reserved for customers. Behind the display rack from the passageway, a distance of three and a half feet, is a trap door from which steps lead to the cellar. On the day of this accident the trap door was open.

About noon Mrs. Keene came in the store to make some purchases. With her was her son, six years old. A clerk was waiting on her and the son was urging his mother to buy him some cakes. While the mother was being waited on by the clerk, the child wandered through this passageway, around back of the display rack and fell through the open trap door to the cellar and was injured. The child said he was after some cakes at the back and top of the display rack.

Suit was instituted by the infant, through his father, against the storekeeper in the Court of Common Pleas

of Baltimore City, the general issue plea was filed, issue joined thereon; the case tried in that court, resulting in a verdict against the defendant, and from a judgment entered thereon this appeal was taken.

It is charged in the declaration that the infant plain-tiff was an invitee, and while using due care and caution, fell through a trap door forming a part of the floor. In response to a demand for particulars, counsel for plaintiff stated: That the trap door "is in the rear of the counter, but immediately adjacent to the aisle separating the grocery counter and the counter on which cakes were displayed and immediately behind said cake counter and stand."

The controlling question in this case is: Did the storekeeper invite this child behind the counter? If he did, it was his duty to the child to use due care and caution to keep the aisle behind the counter in such a condition as to prevent the child, using due care and caution that one of his age would use for his protection, from harm.

In the case of *MacDonough v. Woolworth Co.*, 91 N. J. L. 677, 103 A. 74, it is stated: "She [the customer] saw counters with merchandise displayed upon them, one extending down the middle of the store and one down each side, the latter in front of wall shelves of merchandise, with a space for the saleswomen to work between the wall shelves and the counters. Such an arrangement in itself extended no invitation to a customer to go behind these side counters into the space which was obviously for employés, and in a case involving nothing more, there being no evidence of invitation, a court and not a jury question would arise."

In the case of *Cumberland v. Lottig*, 95 Md. 42, 46, 51 A. 841, 842, a boy six years old was taken by his mother on the roof of their house at night to look into an adjoining theatre. He caught hold of an electric wire and was injured. Judge Fowler said: "The roof was not intended, nor had it ever been used, for any such purpose as the plaintiff and his mother and their friends were using it." The judgment below was reversed without a new trial.

In *Gordon Sleeprite Corporation v. Waters,* 165 Md. 354, 168 A. 846, Waters, an adult, went to the defendant's office and, finding no one there, crossed a yard back of the office and entered defendant's factory, and fell into an open elevator shaft. The court held that "in entering the factory [he] was a bare licensee, intruder, or volunteer, to whom defendant owed no duty to keep that part of its premises safe, or to warn of a concealed danger therein."

In *Baltimore City v. De Palma,* 137 Md. 179, 180, 112 A. 277, Judge Thomas, in dealing with a case involving a ten-year-old child who was hurt when a pile of lumber on a city pier fell and injured him, held there could be no recovery and reversed the judgment appealed from without a new trial.

In the case of *State, to Use of Alston v. Baltimore Fidelity Warehouse Co.,* 176 Md. 341, at page 346, 4 A. 2d 739, at page 741, Judge Parke said: "There is no special obligation of duty in the case of a young child. If there is a duty it is an obligation which runs to both adults and infants alike, although the degree of care so as adequately to perform that duty will vary according to the relative ability of infants or infirm persons to take care of themselves in contrast with ordinary persons."

In the case of *State, to Use of Lorenz v. Machen,* 164 Md. 579, 165 A. 695, a child ten years old was playing in a cavity in a bank on defendant's vacant land, which collapsed causing injury to the child. It was held by Chief Judge Bond that no invitation was involved that placed children in the class of invitees rather than of licensees.

In *Havermale v. Houck,* 122 Md. 82, 89, 89 A. 314, 316, Judge Briscoe quoted from *Collins v. South Boston R. R. Co.,* 142 Mass. 301, 7 N. E. 856: "It would seem that, if children unreasonably, intelligently, and intentionally run into danger, they should take the risks, and that children, as well as adults, should use the prudence and discretion which persons of their years ordinarily have,

and that they cannot be permitted with impunity to indulge in conduct which they know, or ought to know, to be careless." The plaintiff in that case was a child between five and six years old and the lower court's action in granting a prayer that there was "no evidence legally sufficient to entitle the plaintiff to recover" was affirmed.

This store is not a self-service store. The customers are waited on by the proprietor and his clerks. There was no evidence to show that the public was permitted behind the counters. He had a right to have this aisle that permitted himself and his clerks to pass from behind the counter to the space reserved for customers. It would seem obvious that it was necessary in the conduct of his business. It is manifest that this boy and his mother were invited to come into the store by the proprietor, but it cannot in reason be said that he expressly or by implications invited them behind the counters. It was his duty to use reasonable care to keep safe that part of the store reserved for customers, but that part of the store behind counters, to which customers were not invited, he owed no such duty. And where there is no custom permitting customers behind counters, as in this case, those who wander behind counters, whether adults or infants, are not invitees and at best are mere licensees to whom the storekeeper owes no duty for their protection, and we think the child should have known he was not permitted to go behind the counter.

Of course a storekeeper can't set a trap for the purpose of ensnaring those who come behind the counters in his store, and this case presents no evidence that the defendant was guilty of entrapment.

There was error in refusing to grant the defendant's "A" prayer, which instructed the jury "there is no evidence in this case legally sufficient to entitle the infant plaintiff to recover, therefore their verdict shall be for the defendant."

The judgment below will be reversed.

*Judgment reversed, without a new trial, with costs to appellant.*