## CUSTER v. ATLANTIC & PACIFIC TEA CO.
### No. 305.

Municipal Court of Appeals for the District of Columbia.

Aug. 7, 1945.

A. M. Goldstein, of Washington, D. C. (Emmett Leo Sheelhan, of Washington, D. C., on the brief), for appellant.

George F. Hurley, of Washington, D. C. (Feldman, Kittelle, Campbell & Ewing, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This is an appeal from a judgment which followed a verdict directed by the court on the opening statement of plaintiff's counsel. The infant plaintiff had sued for personal injuries resulting from the explosion of a bottle of carbonated beverage in one of defendant's stores. The bottlers of the beverage, a Baltimore partnership, were named as defendants, but apparently could not be served with process and so were not before the court.

In his opening statement, counsel stated that the proof would show: That the plaintiff, then twenty months of age, accompanied by her mother, went to store of defendant, it being the mother's purpose to buy groceries there; that mother and daughter were in the aisle of the store (described as the self-service type of store) and the mother was in the act of selecting certain groceries; that on both sides of the center aisle, defendant "kept and maintained" bottles of charged water and ginger ale; that while the mother turned to reach for some canned groceries, and the child was some 4 or 5 feet away from her in the middle of the aisle, one of the bottles exploded, causing flying glass to strike the child about the face,

resulting in permanent injuries and disfigurement.

When the opening statement had been concluded, defendant moved for an instructed verdict on the grounds (1) that the doctrine of res ipsa loquitur did not apply, and (2) that the infant plaintiff was a mere licensee and not an invitee. The trial judge granted the motion and took the case from the consideration of the jury.

██ It should be said at once that this infant plaintiff enjoyed the status of an invitee to whom the defendant owed the duty of ordinary care, and not that of a mere licensee to whom it would have owed no duty except not willfully to do her harm. It was error to rule otherwise. We think it requires no elaborate reasoning to reach the conclusion that a 20-month old child accompanying its mother on a shopping mission has the same status as the mother. This case is totally unlike those based on the attractive nuisance doctrine. Compare Branan v. Wimsatt, 54 App.D.C. 374, 298 F. 833, where a boy 12½ years old, playing in a lumber yard, was held to be a mere licensee. And note that in a later case the Court referred to that decision as having been reached "largely because the child was 12½ years old and fully conscious of the danger." Eastburn v. Levin, 72 App.D.C. 190, 113 F.2d 176, 177. Here the situation is quite different. Defendant, in maintaining a retail store impliedly invited the mother to come upon the premises. And by every consideration of custom and usage and common sense, such invitation extended to and included the mother's infant child. Grogan v. O'Keefe's, Inc., 267 Mass. 189, 166 N.E. 721; Wheaton v. Goldblatt Bros., 295 Ill. App. 618, 15 N.E.2d 64; L. S. Ayres & Co. v. Hicks, Ind.Sup., 40 N.E.2d 334; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W. 2d 1073; Crane v. Smith, 23 Cal.2d 288, 144 P.2d 356; Walec v. Jersey State Electric Co., 125 N.J.L. 90, 13 A.2d 301. See also Moohr v. Victoria Inv. Co., 144 Wash. 387, 258 P. 43.

██ The next question involves the propriety of refusing to permit any testimony and deciding the case against plaintiff on the opening statement. This is an extreme measure and trial judges should invoke it most cautiously, for the opening statement is to be construed liberally and favorably to plaintiff's case. Oscanyan v. Winchester R. Arms Co., 103 U.S. 261, 26 L.Ed. 539; Hornblower v. George Washington University, 31 App.D.C. 64, 14 Ann. Cas. 696; Horne v. Ostmann, D.C.Mun. App., 35 A.2d 174. Only when it is clear in advance that plaintiff is absolutely precluded from a recovery may the trial court decide the case upon the opening statement. Perhaps the clearest guide has been given us by the Supreme Court in Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 489, 78 L.Ed. 882, where it said:

"Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists."

██ With those principles in mind, we think the trial judge should have permitted plaintiff to proceed with her evidence and make out a prima facie case, if she could. With the evidence before him, he would have been in a better position to decide whether a jury question was presented. More specifically, it seems to us that the question of res ipsa loquitur would have been presented in clearer focus had plaintiff been permitted to bring in her proof. The evidence may have developed the relationship of the defendant (retailer) to the bottler; when and where the beverage was bottled; when, how and by whom it was delivered to defendant's store; what care it received while in defendant's hands; to what changes in temperature, if any, it was subjected; whether there was fault on the part of the bottler or the retailer, or both. These and other circumstances preceding and surrounding an explosion may usually be developed by evidence, but cannot always be detailed in a mere opening statement of counsel.

For the reasons stated we must hold that it was error to take the case from the jury upon plaintiff's opening statement.

Reversed and remanded, with instructions to award a new trial.