SAMUEL WEINBERG v. JOHN A. HARTMAN and WILLIAM A. HARTMAN, trading under the firm name of HARTMAN & HARTMAN LEXINGTON MILL,
AND
JUDITH MARY WEINBERG, an infant, by her next friend, SAMUEL

WEINBERG v. JOHN A. HARTMAN and WILLIAM A. HARTMAN, trading under the firm name of HARTMAN & HARTMAN LEXINGTON MILL.

(*April* 13, 1949.)

LAYTON, J., sitting.

*James H. Hughes, Jr.,* for Plaintiffs.

*Howard E. Lynch, Jr.,* for Defendants.

Superior Court for Kent County, Nos. 33 and 34, February Term, 1947.

LAYTON, J.:

Actions by Judith Weinberg, an infant, by her next friend, Samuel Weinberg, and by Samuel Weinberg against John Hartman and William Hartman, trading as Hartman and Hartman Lexington Mill, to recover damages for injuries incurred by Judith Weinberg in falling into a corn crusher at Defendants' mill. The first action seeks to recover damages for permanent injuries, pain and suffering sustained by Judith as a result of the accident. The second action, on behalf of Samuel Weinberg, the father, seeks to recover various sums of money expended by him in and about effecting a cure of his daughter. To each action Defendants have demurred, the important grounds for demurrer in each case being (a) That the Declaration fails clearly to charge Defendants with actionable negligence: (b) That no causal connection between the negligence and resulting injury is shown; (c) That Plaintiff, being a mere licensee, and not an invitee. Defendants owed no affirmative duty to exercise reasonable care and caution for her safety; and (d) That the contributory negligence of the child in the first case and of the father in the second, defeat the actions.

I shall treat the declarations, and demurrers thereto, as if complaints and motions to dismiss filed under the new Rules, Rule 86 of the Superior Court.

Whether or not the Plaintiff, Samuel Weinberg, father of Judith, may maintain his action depends upon whether it is found that Judith has a cause of action. For that reason, I shall first dispose of the motion to dismiss the action on behalf of Judith.

The declaration consists of two counts, only the second of which will be considered. This count charges that at the time of the injury complained of, Defendants owned and operated

a mill containing much moving machinery, in which a certain room, or portion thereof, was set aside for the transaction of business with customers and into which customers, including children, were accustomed to go at the invitation of, and with the consent of, the Defendants; that in this room, or portion of the mill, Defendants operated a corn crusher located under a trap-door in the floor of the room; that on the day in question Samuel Weinberg, father of Judith, took his daughter, aged four and one-half years, into the particular room of Defendants' mill for the purpose of transacting business; that the corn crusher was then in operation in said room and that through the negligence of Defendants the trap-door was off and no railing or other guard surrounded the moving parts of said corn crusher; that while the father was transacting business with the Defendants, Judith, attracted by the moving machinery fell into the corn crusher, suffering very severe injuries, and that Defendants, although aware of the dangerous nature of the corn crusher, failed to warn Judith thereof.

First, although hardly conforming to the exacting requirements of common law pleading, I think the declarations present a situation from which actionable negligence can clearly be deduced. See *Walec v. Jersey State Electric Co.,* 125 *N.J.L.* 90, 13 *A. 2d* 301, and other allied cases hereinafter cited. Nor is it necessary to set forth a causal connection between the alleged negligence and the resulting injury. *Simmons v. Miles,* 5 *Terry* 465, 61 *A. 2d* 614. The facts necessary to formulate a defense may be elicited by recourse to the discovery procedures now provided for.

Secondly, Defendants have denied liability upon the ground that Judith was a mere licensee upon their premises and that, therefore, they owed no duty to her except to abstain from acts of a wilfully injurious nature. The earlier decisions did sustain this proposition in situations where children accompanied parents or other persons into a store building, the child having no

interest in making a purchase. *Fleckenstein v. Great Atlantic &
Pacific Tea Co., 91 N.J.L. 145, 102 A. 700, L.R.A. 1918C, 179.*
But the substantial majority of the more modern cases have long
since departed from this rule and now hold that a child who ac-
companies his parents to a store or other place of business open
to the general public is an invitee, although neither a customer
nor prospective customer.  The theory of the later decisions is
premised upon the proposition that the owner or possessor of a
store or other place of business, to which the public is inferentially
invited to make purchases, is charged with the duty of exercising
reasonable care to see that his premises are in a safe condition
for the public who are potential customers, and therefore invitees.
And this duty of reasonable care on the owner has logically been
extended to include the children of the customers or potential
customers.  *Walec v. Jersey State Electric Co., 125 N.J.L. 90, 13
A. 2d 301* (in which the Fleckenstein case is not even referred to) ;
*Pellicot v. Keene, 181 Md. 135, 28 A.2d 826* assumed child was
invitee; *Custer v. Atlantic & Pacific Tea Co., (D.C. Mun. App.)
43 A.2d 716; Miliken v. Weybosset Pure Food Market, 71 R.I.
312, 44 A.2d 723,* (assuming without discussion that plaintiff was
invitee)  : *Wheaton v. Goldblatt Brothers, 295 Ill. App. 618, 15
N. E. 2d 64; L. S. Ayres & Co. v. Hicks, 220 Ind. 86, 40 N. E. 2d
334, 41 N. E. 2d 195, 356; Carlisle v. J. Weingarten, Inc., (Tex.
Civ. App.) 120 S. W. 2d 886; Crane v. Smith, 23 Cal. 2d 288,
144 P 2d 356; Gulf Refining Co. v. Moody, 172 Miss. 377, 160
So. 559; Grogan v. O'Keefe's, Inc., 267 Mass. 189, 166 N. E.
721;* The Re-statement of Law, Torts, Sec. 332 (D) summarizes
the law as follows:

"So too, a child taken by a mother or nurse to a shop is a
business visitor; and this is so irrespective of whether it is neces-
sary for the customer to take the child with her in order to visit
the shop."

Two modern cases are contrary to this result, *Flynn v. Cities
Service Refining Co., 306 Mass. 302, 28 N.E. 2d 453* and *Mosher*

*v. Anton G. Hanson Co.,* 193 *Minn.* 115, 258 *N.W.* 158. And there is another class of cases in which liability was denied, where the injured Plaintiff, a minor, entered Defendant's plant as a member of a class for educational purposes. In each case the class instructor had requested and obtained Defendant's permission to visit his place of business and the injury was incurred in a portion of the plant not open to the public. *Benson v. Baltimore Traction Co.,* 77 *Md.* 535, 26 *A.* 973, 20 *L.R.A.* 714, 39 *Am. St. Rep.* 436; *Myers v. Gulf Public Service Corp.,* 15 *La.App.* 589, 132 *So.* 416, and *Roe v. St. Louis Independent Packing Co.,* 203 *Mo. App.* 11, 217 *S.W.* 335. These decisions may well be distinguishable because their facts disclose not only that the injured child was not on the premises at the invitation of the owner but also that the owner received no benefit as a result of the presence of the class of children, who were there merely for educational purposes. Moreover, *Pellicot v. Keene,* * *supra,* and *Kalus v. Bass,* 122 *Md.* 467, 89 *A.* 731, *Ann. Cas.* 1916*A,* 985 would seem more clearly to reflect the law of Maryland as to the situation here presented than the Benson case, where the facts are distinguishable. If I am correct in this observation, as I believe, then the Roe case, *supra,* also would cease to have much persuasive effect because the Missouri Court relied almost entirely on the Benson case in arriving at its result.

Clearly, then, had Judith accompanied her father into a store, she would have had the status of an invitee, and I can see no valid reason why, merely because Defendants operated a mill rather than a store, she should not be regarded as an invitee here. Her father was a potential customer to whom an invitation to enter and do business had been extended. The second count alleges, and for the purposes of this argument, it is admitted that children were in the habit of going into Defendant's mill. For all practical purposes, the facts of this case are the same as in the

---

* Child entering store with parent assumed without discussion to be invitee but liability denied for other reasons.

so-called store cases elsewhere considered. Under the second count, Judith entered the Defendant's premises as an invitee.

Turning now, for a moment, to the first count, it is to be noticed that it fails to contain an allegation to the effect that children were in the habit of going into Defendants', mill. Nor can I take judicial knowledge of this fact which forms one of the basic elements of liability in the so-called store cases. See particularly *Carlisle v. J. Weingarten, Inc.,* 137 *Tex.* 220, 152 *S.W. 2d* 1073, 1076-1077. I decline, therefore, to extend the doctrine of the store cases to a situation where the presence of children is not clearly foreseeable.

The second count is also demurred to because it attempts to predicate liability upon the doctrine of the attractive nuisance. This theory of law presupposes the existence of a dangerous instrumentality which is so apt to attract the curiosity of children as to entice them into trespassing upon the land of another to play upon or about it, with the possibility of resulting injury. Humanistic instincts based upon the knowledge that the inquisitive instinct of children is more pronounced than their common sense or good judgment demanded that the owner of such premises be required to account to a child, even though a trespasser or bare licensee, if the owner knew or should have known from the character of the nuisance maintained that it was likely to attract children. So in *Sioux City, & P. R. Co. v. Stout,* 17 *Wall.* 657, 21 *L.Ed.* 745, the so-called attractive nuisance doctrine was announced in this country for the first time. Since then many Courts have adopted it advancing various explanations for liability. 38 Am. Jur., Sec. 144, p. 805 et seq. Some Courts may have extended the doctrine so far as to include a child invitee, 38 Am. Jur. Negligence, Sec. 142, but I can see no logical reason for this. The owner of a public premise is bound in any event to exercise reasonable care or caution for the safety of invitees. If he maintains a dangerous thing on his premises likely to attract and injure a child invitee he would be liable for the resulting

injury, not upon the theory of the attractive nuisance doctrine, but upon basic principles of tort law. For example, a butcher keeps an open meat grinder upon a low counter within easy reach of a child who, entering the shop accompanied by a parent, and attracted thereby puts its hand into the grinder. Because the child is an invitee whose presence must be expected, the owner should anticipate the attraction of such a dangerous instrument and in failing to provide safeguards or other adequate preventative measures, might well be liable in damages in a suit by the child, assuming, of course, no contributory negligence. The attraction of the child to the dangerous thing does not change its status from a trespasser to that of an invitee—he is already an invitee; rather it both creates the negligence (because of the foreseeability of the event) and furnishes the proximate cause. See *Petree v. Davidson-Paxon-Stokes Co.*, 30 *Ga. App.* 490, 118 *S.E.* 697 where the Court, though regarding a child coming into a store as a licensee, nevertheless based liability upon similar reasoning.

Here, Judith was not lured upon the premises by the attraction of some thing, the dangerous nature of which she could not be expected to anticipate because of her immaturity. In all probability Judith did not know of the existence of the crusher when she entered the building. She was not a trespasser but an invitee. The attractive nuisance doctrine is not applicable and the demurrer to the second count of the Declaration is sustained, to the extent only that it fails to set forth a good cause of action based upon the attractive nuisance doctrine.

The next ground relied upon by the demurrer is that the Plaintiff, Judy, was guilty of contributory negligence in falling into the corn crusher and, therefore, is barred from maintaining her action. Even under the anachronistic system of pleading in vogue prior to the adoption of the new rules, a Plaintiff did not have to negative contributory negligence in his Declaration. *Smith v. Philadelphia B. & W. R. Co.*, 1 *W. W. Harr.* 503, 115

*A*. 416. It is equally unnecessary under the present rules. See Form 9, Rules of the Superior Court. Indeed it is a serious question whether, as a matter of law, a child of 4½ years is capable of contributory negligence. Annotation 107 A.L.R. 102 et seq. But it is unnecessary to decide that point in disposing of this motion.

To summarize, the first count of the Declaration in Judith's action cannot be sustained for the reasons expressed. The second count, however, is good, although not upon the theory of the attractive nuisance doctrine.

What has been said heretofore necessarily disposes of the demurrers to counts one and two in the case of Samuel Weinberg against these Defendants. The first count must fall. The second sets forth a good cause of action but not under the attractive nuisance doctrine.

The question of contributory negligence in the suit by Judith may or may not be submitted to the jury depending upon the view of the trial Judge. In any event, the question of her negligence if submitted to a jury at all, should be measured from the level of intelligence and judgment of a child of extremely immature years, not that of an adult. In the case of Samuel, the question of contributory negligence will necessarily be passed upon by the jury.