M'VAY *vs.* BLOODGOOD.

1. The proceeds of the sale of property, conveyed by deed of trust, must be applied as provided for in the deed.

2. Therefore, where property was conveyed by deed of trust, to secure the payment of notes falling due at three, six, nine and twelve months, as they severally fell due, the property being insufficient to pay all the notes, those first falling due, were entitled to a·preference; and this right attached to them in the hands of an assignee.

Error to Mobile Circuit court.

Assumpsit, for money had and received—tried by *Harris*, J.

*Dunn*, for plaintiff in error.

*J. A. Campbell*, contra.

.ORMOND, J.—This was a case agreed. The material facts are, that one George W. Sinclair, being indebted to one Thomas R. Bolling, in the sum of eight thousand dollars, executed four several promissory notes, for two thousand dollars each, payable at three, six, nine and twelve months after date; and to secure their payment, conveyed to Abner S. Lipscomb, certain personal property, in trust, to secure to Bolling the payment of the said promissory notes.

The first of said notes was paid: the second note was by Bolling endorsed to one Fearn, for a valuable consideration, who endorsed it to the defendant in error; and afterwards, the remaining two notes were by Bolling

transferred to the plaintiff in error, between whom and Bolling, an instrument was then executed, by which all the interest of Bolling in the trust, and executed to secure the payment of the said notes, was transferred to the plaintiff in error.

The trustee sold the property conveyed by the deed of trust, for twelve hundred dollars, and paid over the money to the plaintiff in error.

The court below determined, that Bloodgood, the assignor of the second note, was entitled to the fund; and of that opinion is this court. By the express stipulation of the deed of trust, the property conveyed by the deed of trust, was liable to be sold for the payment of the notes, as they severally fell due. There was, therefore, a priority of right to the avails of the property in the holder of the notes due at three months after date, over the plaintiff, whose notes did not fall due until nine and twelve months. This is conclusively shewn by the fact, that on default of payment, the property might have been advertised and sold under the deed, before the other notes were due: this clearly establishes the prior right of the defendant in error; and this right, which existed against Bolling, he could not defeat by the transfer to the plaintiff in error, who can be in no better condition than Bolling. There is no fraud alleged against the defendant in error, and the deed of trust, which recited that other notes were in existence, for which the property was bound, was sufficient notice, at least, to put the plaintiff on enquiry.

The precise question here decided, was thus determined in the case of Gwathmeys vs. Ragland, 1 Ran-

dolph, 466; see also 1 Hopkins' Chancery Rep. 569, and 5 Johnson's Chan. 241, Clover vs. Dickinson.

Let the judgment be affirmed.