Robert URBANSKI et al., Plaintiffs below, Appellants,

v.

Irvin C. WALKER et al., Defendants below, Appellees.

Supreme Court of Delaware.

Aug. 24, 1971.

Court in favor of the defendants below, Irvin C. Walker, and members of his family, on the issue of liability. The appeal questions the validity of 25 Del.C. § 1421, dealing with the liability of the occupier of land for injury to guests.

Briefly, the facts are that the ten-year-old appellant, Robert Urbanski, was injured by catching his left hand in the gears of a grain elevator on the Walker farm. The day before the accident, Robert and a friend had visited the farm and had been allowed to "shoo" cattle from one field to another. On the day of the accident, they had returned to the farm to visit and had been allowed to ride on a corn wagon by Walker, Jr. The two boys had been warned of the dangerousness of the grain elevator, but when Walker, Jr. was some distance away loading corn and not watching the boys, Robert bent over to pick up an ear of corn and swung his left hand into the machine.

The statute in question, 25 Del.C. § 1421, reads as follows:

"No person who comes onto premises occupied by another person as his guest without payment shall have a cause of action for damages against the occupier of the premises unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of the others."

Appellants charge that the words "occupied" and "occupier" in the statute are so vague and ambiguous as to be meaningless. We disagree. These words have accepted legal meaning. In the present case, as appellants concede, the appellees are owners and in actual possession of the property. They are therefore "occupiers" under any appropriate definition of that word.

We agree with the trial Judge there was insufficient evidence to warrant a finding that the appellant was a business invitee rather than a social guest. Cf. Richmond v. Knowles, Del.Super., 265 A.

Stanley T. Czajkowski, of Czajkowski & Maguire, Wilmington, for plaintiffs below, appellants.

F. Alton Tybout, of Tybout, Redfearn & Schnee, Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This is an appeal by plaintiff below, Robert Urbanski, and his father and next friend, Casimir Urbanski, from a judgment entered upon a directed verdict in Superior

2d 53. There is no evidence to indicate that the accident was intentional on the part of the occupiers or was caused by their wilful or wanton disregard of the rights of others. Under the quoted statute, therefore, appellees are not liable to the appellants. Accordingly, we affirm the judgment below.