April FOX, as Guardian of Ashlynn Fox, a minor, Plaintiff Below, Appellant,

v.

Madlon FOX, an individual and Wallace Fox, an individual, Defendants Below, Appellees.

No. 441, 1998.

Supreme Court of Delaware.

Submitted: March 16, 1999.
Decided: May 20, 1999.

Eric M. Doroshow and Stephani J. Ballard, Doroshow & Pasquale, Wilmington, Delaware, for appellant.

Robert B. Young, Young & Young, Dover, Delaware, for appellees.

Before VEASEY, Chief Justice, WALSH and HARTNETT, Justices.

WALSH, Justice.

This is an appeal from a grant of summary judgment barring recovery by a minor for injuries sustained when her foot slid under a riding lawnmower operated by her grandmother. The Superior Court, after considering cross-motions for summary judgment, held in a bench ruling that the provisions of 25 Del.C. § 1501, Delaware's premises guest statute, applied and precluded recovery. The plaintiff contends that the Superior Court erred in dismissing her claims based on the attractive nuisance doctrine as a logical extension of this Court's ruling in *Porter v. Delmarva Power & Light Co.*, Del.Supr., 547 A.2d 124 (1988). We agree and hold

that the plaintiff's claims based on the attractive nuisance doctrine are controlled by common law principles and not the premises guest statute. Accordingly, we reverse the ruling of the Superior Court that denies a minor licensee the opportunity to state a claim based on the attractive nuisance doctrine and we expressly adopt § 343B of the RESTATEMENT (SECOND) OF TORTS.

We further hold as a matter of law, however, that a riding lawnmower being operated in the usual and ordinary manner does not constitute an "artificial condition upon the land" as required by § 339 of the RESTATEMENT (SECOND) OF TORTS. Accordingly, we remand this action to the Superior Court for further proceedings consistent with this opinion.

## I.

The following facts are not in dispute. On the afternoon of May 31, 1996, Ashlynn Fox ("Ashlynn"), just shy of her third birthday, was injured when her foot made contact with the blades of a riding lawnmower. Ashlynn's paternal grandparents, Madlon Fox ("Madlon") and Wallace Fox ("Wallace"), the defendants,[1] were babysitting Ashlynn at their home in Townsend, Delaware. The child had been left with the grandparents by Ashlynn's mother, April, her guardian *ad litem* in this litigation.

The grandparents decided to mow the grass, using a riding mower. Wallace mowed the front yard, and then Madlon began to mow the back yard. Ashlynn wanted to get on the mower, so Madlon turned the motor off. Then with Ashlynn on her lap, she started the lawnmower and continued to mow the grass. Ashlynn began to fall asleep so Madlon took her into the house, placed her on a sofa, turned on a videotape, and asked Wallace to watch her. Madlon returned to cutting the grass. Shortly thereafter, and unbeknownst to either Madlon or Wallace, Ashlynn apparently got up, went outside, and ran towards the lawnmower. Her right foot slid under the left side of the lawnmower resulting in severe injuries.

## II.

We review *de novo* the Superior Court's grant of summary judgment. *Heaney v. New Castle County*, Del.Supr., 672 A.2d 11, 13 (1995). We must determine whether the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

The plaintiff contends that an analysis of the development of Delaware's premises guest statute, *vis-a-vis*, the attractive nuisance doctrine leads to the conclusion that this Court's holding in *Porter* that a trespassing child's claims are not barred by 25 *Del.C.* § 1501 must be extended to children licensees.[2] Because there is no dispute that Ashlynn was a licensee at the time of the injury,[3] plaintiff

---

1. Plaintiff also brought suit against Deere and Co., the manufacturer of the riding lawnmower, alleging claims based on the Uniform Commercial Code and negligent design. The claims against Deere and Co. have been resolved.

2. Plaintiff's claims based on the attractive nuisance doctrine apparently first appeared in her motion for summary judgment. Plaintiff's complaint stated her claims against Madlon and Wallace in terms of negligent supervision, not attractive nuisance. Pursuant to Superior Court Civil Rule 9(b), allegations of negligence must state the circumstances of that negligence with particularity. The pur-

pose of Rule 9(b) is one of fairness and notice. *Chesapeake and Potomac Tel. Co. of Maryland v. Chesapeake Utilities Corp.*, Del.Supr., 436 A.2d 314, 338 (1981). Defendants have not raised any argument based on lack of notice or Rule 9(b) and thus are deemed to have waived lack of notice of a claim based on attractive nuisance.

3. An issue was raised in the Superior Court concerning whether compensation had been paid by the plaintiff to the defendants. The protections of 25 *Del.C.* § 1501 are unavailable to private residential or farm premises owners unless it has been shown that they have "received and expected no benefit of

argues that the premises guest statute should not bar her claims. Additionally, plaintiff argues that since the premises guest statute is in derogation of the common law, absent clear legislative intent to the contrary, the applicable principles of the RESTATEMENT (SECOND) OF TORTS, should be deemed to have survived its enactment. Thus, plaintiff requests this Court to explicitly adopt § 343B of the RESTATEMENT.

Defendants contend that the decisions in *Urbanski v. Walker,* Del.Supr., 281 A.2d 491 (1971) and *Foraker v. Stambaugh,* Del.Super., C.A. No. 88C–MR–178, 1990 WL 18328 (Jan. 24, 1990) support the conclusion that plaintiff's claims are barred by 25 *Del.C.* § 1501. Defendants argue that the purpose and intent of the General Assembly determine the application of the statute and that "[p]rotecting grandparents from claims by a grandchild's mother, who had requested [their aid], is unquestionably exactly what the legislature had in mind." The Superior Court agreed, finding that *Foraker* was controlling and that § 1501 applied, and granted summary judgment for defendants.

We disagree that this Court's decision in *Urbanski* dictates the result here. While that case did address the application of the premises guest statute [4] in the context of a case involving a ten year old social guest, our focus was upon a challenge to the validity of the statute, and not upon the application of the doctrine of attractive nuisance *per se,* an issue that had not been raised. *Urbanski,* 281 A.2d at 492.

Nor are we persuaded by the Superior Court's holding in *Foraker* that a minor who was injured while playing on a rope swing on defendant's land was barred from recovery by § 1501. *Foraker,* 1990 WL 18328 at *1–2. The court held that minors who are social guests were not exempt from the statute [5] and that, although this Court in *Porter* had held that trespassing children could make an attractive nuisance claim, Delaware had not adopted § 343B of the RESTATEMENT. *Id.* at *2; *see also Degnars v. Biddle,* Del.Super., C.A. No. 94C–09–034–WTQ, 1996 WL 945014 at *2–3 (Dec. 17, 1996) (denying summary judgment based on the existence of material issues of fact regarding whether minor injured while riding ATV was a social guest and whether lane on property was a dangerous condition, but seemingly following *Foraker* ); *Sartin v. Caine,* Del.Super., C.A. No. 90C–10–180, 1992 WL 423929 at *3 (Jan. 8, 1992) (finding that plaintiffs were estopped from asserting attractive nuisance for failure to plead that theory prior to trial and stating that "[a]dditionally the theory ... [did] not apply ... because it affords relief only to trespassing children").[6]

<hr/>

value from the guest's presence." *Stratford Apartments, Inc. v. Fleming,* Del.Supr., 305 A.2d 624, 626 (1973). The Superior Court held that the payment received was for the benefit of Ashlynn, not Madlon and Wallace, and granted summary judgment in their favor on this issue. Plaintiff has not appealed this ruling.

**4.** Our opinion in *Urbanski* discussed 25 *Del.C.* § 1421, a predecessor premises guest statute. 281 A.2d at 492.

**5.** The *Foraker* court relied upon *Lynott v. Sells,* Del.Super., 158 A.2d 583 (1958) for the proposition that minors were not excepted from the statute. In *Lynott,* the Superior Court held that a minor operating a motor vehicle with parental permission was entitled to claim the higher standard of liability imparted by the *automobile* guest statute. 158 A.2d at 584–85. The now repealed automobile guest statute and the premises guest statute derived from a similar legislative intent to give protection from claims based on "simple acts of negligence." *Stratford,* 305 A.2d at 626; *see also Pietuszka and Gallucio Builders, Inc. v. McTaggart,* Del.Supr., 333 A.2d 164, 166 (1975) (recognizing shared purpose of the statutes in frustrating collusive lawsuits).

**6.** We note that a Superior Court case predating this Court's adoption of § 339 declined to extend the doctrine of attractive nuisance to a minor invitee who was injured when she fell into a corn crusher at a mill her father had taken her to in order to transact business after noting that the owner was "bound in any event to exercise reasonable care or caution for the safety of invitees." *Weinberg v.*

Delaware's premises guest [7] statute, 25 *Del.C.* § 1501, provides:

No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

After recognizing that § 1501, being in derogation of the common law, was subject to strict construction against the party for whose benefit the law was passed, in *Porter* we held that the premises guest statute was not a bar to recovery by a trespassing child whose claims were premised upon the provisions of the RESTATEMENT (SECOND) OF TORTS § 339 [8] (1965), frequently referred to as the attractive nuisance doctrine.[9] *Porter*, 547 A.2d at 128–29; *see Hoesch v. National R.R. Passenger Corp. (Amtrak)*, Del.Supr., 677 A.2d 29, 32 (1996).

In *Porter* we recognized Delaware's "long adherence" to the "humanitarian doctrine" espoused in § 339 and the recognition "that a child of tender years is not to be held to the same level of foreseeabil-

ity or appreciation of danger as an adult." 547 A.2d at 129. We concluded that the General Assembly did not intend to eliminate the doctrine of attractive nuisance with its passage of the premises guest statute. *Id.*

We are now required to address the applicability of § 343B to the doctrine of attractive nuisance. Section 343B of the RESTATEMENT (SECOND) OF TORTS (1965) provides that "[i]n any case where a possessor of land would be subject to liability to a child for physical harm caused by a condition on the land if the child were a trespasser, the possessor is subject to liability if the child is a licensee or an invitee." Comment *a* to § 343B expressly states that the section is "concerned chiefly" with the attractive nuisance doctrine. Simply stated, § 343B indicates that a child licensee or invitee is entitled to at least as much protection as the child trespasser and the "possessor of the land is no less obligated to anticipate and take into account [the child licensee's or invitee's] propensities to inquire into or meddle with conditions which he finds on the land, his inattention, and his inability to understand or appreciate the danger, or to protect himself against it." RESTATEMENT (SECOND) OF TORTS § 343B, cmts. *b, c* (1965).

Many jurisdictions have recognized the applicability of the attractive nuisance doc-

---

*Hartman*, Del.Super., 65 A.2d 805, 809 (1949).

7. A "guest without payment" has been construed to include all licensees. *Acton v. Wilmington and Northern R. Co.*, Del.Supr., 407 A.2d 204, 206 (1979).

8. Section 339 entitled "Artificial Conditions Highly Dangerous to Trespassing Children" provides:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
  (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
  (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will

involve an unreasonable risk of death or serious bodily harm to such children, and
  (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
  (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
  (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

9. Section 339 has been viewed both as a reformulation of the attractive nuisance doctrine and an entirely new approach. 62 AM. JUR .2d *Premises Liability* § 285 (1990).

trine to children licensees and invitees, formally adopting § 343B, or employing the inherent logic of that section in other contexts. *See, e.g., Collier v. Necaise,* Ala. Supr., 522 So.2d 275, 278 (1988); *Robles v. Severyn,* 19 Ariz.App. 61, 504 P.2d 1284, 1287–88 (1973); *Courtell v. McEachen,* 51 Cal.2d 448, 334 P.2d 870, 875–76 (1959); *Rubio v. Davis,* 231 Ga.App. 425, 500 S.E.2d 367, 370 n. 3 (1998); *Biggs v. Brannon Square Assoc.,* Ga.Ct.App., 174 Ga. App. 13, 329 S.E.2d 239, 241 (1985); *Sampson by Sampson v. Zimmerman,* 151 Ill.App.3d 396, 104 Ill.Dec. 349, 502 N.E.2d 846, 848 (1986); *Johnson v. Pettigrew,* Ind. Ct.App., 595 N.E.2d 747, 750 (1992); *Grimes v. Hettinger,* Ky.Ct.App., 566 S.W.2d 769, 772 (1978); *Jones v. Billings,* Me.Supr., 289 A.2d 39, 43 (1972); *Gilbert v. Sabin,* 76 Mich.App. 137, 256 N.W.2d 54, 58 (1977); *Peterson v. Richfield Plaza, Inc.,* 252 Minn. 215, 89 N.W.2d 712, 717 (1958); *Salanski v. Enright,* Mo.Supr., 452 S.W.2d 143, 145 (1970); *Gubalke v. Anthes' Estate,* 189 Neb. 385, 202 N.W.2d 836, 839–40 (1972); *Bosin v. Oak Lodge Sanitary Dist. No. 1,* 251 Or. 554, 447 P.2d 285, 287 (1968).

We find that body of authority not only persuasive but promotive of humanitarian goals and thus consistent with our holding in *Porter.* Moreover, it would be anomalous to permit recovery by a trespassing child on a claim of attractive nuisance and deny recovery to persons on the premises with the consent of the landowner. Accordingly, we hold that the premises guest statute does not bar recovery of a minor licensee for claims based upon attractive nuisance and expressly adopt § 343B of the RESTATEMENT (SECOND) OF TORTS in the context of the attractive nuisance doctrine.

### III.

Plaintiff contends that the elements of the attractive nuisance doctrine [10] are

met in this case and that there are no disputed facts which would preclude entry of judgment in her favor. Indeed, plaintiff moved for summary judgment in her favor on that issue which the Superior Court was not required to decide in view of its ruling on the child's status. We may review that question, nonetheless, since it was fairly presented in the trial court. Supr.Ct.R. 8. Plaintiff argues that the doctrine's application only to conditions on the land does not defeat her claim as conditions include "controllable forces already in operation on the land, such as 'machinery in motion.'"

Defendants assert that under the facts of this case there is no "condition upon the land" and "at least four of the five" elements required to be shown for application of the attractive nuisance doctrine are not established. In essence, defendants contend that the condition must have a connection to and arise out of the realty or its improvements.

The first Delaware case attributed with recognizing a theory of liability based upon the attractive nuisance doctrine was *Hurd v. Phoenix Co.,* Del.Super., 106 A. 286 (1918). In *Hurd* the court overruled a general demurrer and permitted the case to go to trial to determine whether maintenance of a pole which was strung with electric lights and located near a school would constitute negligence. *Id.* at 286–87. This Court first recognized the doctrine as reflected in § 339 of the RESTATEMENT in *Schorah v. Carey,* Del.Supr., 331 A.2d 383, 384 (1975). In that case a minor was injured by a "partially concealed metal pole formerly used as a fence post." *Id.*

A survey of other Delaware cases in which the doctrine of attractive nuisance has been applied reveals no set of factual circumstances analogous to the artificial condition on the premises alleged to exist in this case. Plaintiff cites three Delaware

---

10. *See* note 8 *supra* for the requirements of § 339.

cases as supportive of her position: i) *Weinberg v. Hartman,* Del.Super., 65 A.2d 805 (1949) involving a corn crusher at a mill; ii) *Pietuszka and Gallucio Builders, Inc. v. McTaggart,* Del.Supr., 333 A.2d 164 (1975) involving a fifteen feet high mound of earth; and iii) *Coe v. Schneider,* Del. Supr., 424 A.2d 1 (1980) involving an unattended pony tethered to a clump of bushes.

In *Weinberg,* the court declined to apply the doctrine of attractive nuisance to a minor invitee after noting both a duty of reasonable care held by the owner and that the minor had not been "lured upon the premises by the attraction of some thing, the dangerous nature of which she could not be expected to anticipate because of her immaturity." 65 A.2d at 809. Thus *Weinberg* provides little, if any, guidance.

This Court, in *McTaggart,* affirmed the denial of summary judgment in favor of defendants agreeing with the trial court that the provisions of the predecessor premises guest statute was not intended to apply to a child trespasser. 333 A.2d at 166. While this Court found that the defendant's conduct should be measured by the provisions of § 339, a fifteen foot mound of earth created by defendant's subcontractor seems clearly to fall into the category of an "artificial condition upon the land" and is distinguishable from a riding lawnmower that is being operated.

Finally, in *Coe* this Court reiterated its approval of the rule stated in § 339 and noted that the underlying action had been grounded upon its principles. 424 A.2d at 1 n. 1. After once having already been before this Court,[11] the action was appealed following a jury verdict entered for defendants. *Id.* at 1. This Court reversed and remanded the judgment after finding that the trial judge erred "in failing to caution counsel not to interject lack of

parental supervision in their arguments to the jury" and in not giving a related requested cautionary instruction. *Id.* at 2. Our ruling was based on the view that parental supervision was immaterial to the question of a defendant's liability based on § 339. *Id.* While noting that the action was grounded upon the attractive nuisance doctrine, we did not address the other elements of an attractive nuisance, and in particular, whether an unattended pony tethered to a clump of bushes would constitute an artificial condition upon the land.

Additionally, the Superior Court has held that amending a complaint to state a claim based on the attractive nuisance doctrine would fail to state a claim for relief because an unattended motor vehicle with the engine running and the keys left in the ignition was not an attractive nuisance as a matter of law, and alternatively that several requirements of the rule stated in § 339 would not be met. *Harris v. Harris,* Del.Super., C.A. No. 95C–07–014–HDR, 1997 WL 366855 at *3–4 (Apr. 4, 1997).

Plaintiff relies heavily upon one sentence in the comments to RESTATEMENT (SECOND) OF TORTS § 339. That sentence is found in comment *a,* and states that "[a] 'condition,' however, includes controllable forces already in operation, as in the case of machinery in motion." RESTATEMENT (SECOND) OF TORTS § 339, cmt. *a* (1965). The preceding sentence, however, states that "[t]his section is concerned only with conditions on the land, and not with activities of the possessor." *Id.*

Comment *d* provides further instruction stating that "[t]he rule stated in [§ 339] is limited to structures or other artificial conditions upon the land." The example given in comment *d* is a chute constructed for the removal of goods from a warehouse. The other examples reflected in the illus-

---

11. In *Schneider v. Coe,* Del.Supr., 405 A.2d 682, 684–85 (1979) this Court affirmed the grant of summary judgment in favor of the

minor's parent on the ground of parental immunity to a claim of negligent parental supervision.

trations given in the comments following § 339 include: i) a mining pit (Illus. 2, cmt. *e* ); ii) a high tension electric wire (Illus. 3, cmt. *e* ); iii) a ruined wall (Illus. 4, cmt. *f* ); iv) a pulley which raises raw material to the fourth story of a factory (Illus. 5, cmt. *i* ); v) an artificial pond (Illus. 6, 7, cmt. *j* ); and vi) a railroad company turntable (Illus. 8, 9, 10, cmts. *m, n* ). Comment *n* to § 339 does discuss farm machinery, but in the context of the installation of devices to prevent the machine from being set in motion and balancing the risk to children with the utility of the dangerous condition.

In the absence of Delaware authority directly addressing whether a riding lawnmower in operation could constitute a condition upon the land, we have examined cases from other state and federal jurisdictions and find only one case that addressed the issue of a lawnmower in the context of the attractive nuisance doctrine. In that case, the Supreme Court of Pennsylvania affirmed a judgment of nonsuit after holding that an unguarded lawnmower into which the minor plaintiff had been pushed by a playmate was not a " 'structure or other artificial condition' maintained by the defendant on his land." *Martinelli v. Peters,* 413 Pa. 472, 198 A.2d 530, 531 (1964); *see also Barbarisi v. Caruso,* 47 N.J.Super. 125, 135 A.2d 539, 542 (1957) (finding in the context of a claim based on negligent supervision that a washing machine during operation was "an activity of the defendant rather than a condition of the real estate or pertaining to its maintenance"). The *Martinelli* court also held as a matter of law that the utility of the lawnmower to the defendant and "every homeowner … [was] sufficiently important to outweigh the slight risks to trespassing children." 198 A.2d at 531. We are mindful that the lawnmower in the *Martinelli* case was in a stationary condition and not being operated. Nevertheless, in our view the decision may still be regarded as instructive.

In conclusion, we think that the operation of the riding lawnmower by Madlon is more properly considered an activity of the possessor of the land or the performance of a domestic chore, rather than an artificial condition upon the land. To find otherwise would impermissibly blur the line between activities of the possessor and those conditions of the land traditionally associated with attractive nuisance. Permitting recovery would also undermine the intent of the legislature, as expressed in § 1501, to confer protection based on simple acts of negligence. We therefore hold as a matter of law that a riding lawnmower being operated in the usual and ordinary manner does not constitute an artificial condition upon the land, and the doctrine of attractive nuisance as set forth in § 339 is inapplicable to the facts of this case.

The Superior Court granted summary judgment based on § 1501 in the context of the plaintiff's status under the doctrine. While we recognize the child's status, our ruling determines that the instrumentality causing the harm does not qualify as an attractive nuisance. Because it is unclear on the record before us whether other claims based on simple negligence may be unresolved, we remand this matter to the Superior Court for further proceedings, or the entry of an appropriate judgment, as the record requires.

The judgment of the Superior Court is REVERSED and the matter REMANDED for proceedings consistent with this opinion.