# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

D'ANDRA WILSON, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF DOMINIC JOHNSON,

    Plaintiff,

    v.

DAMIEN HUNTER, DAWN
CHAMBERLAIN, LUCRETIA
CHAMBERLAIN, ALICIA M. LEWIS,
and PAULETTE R. LEWIS,

    Defendants.

) ) ) ) ) ) ) C.A. No. N20C-06-153 FWW ) ) ) ) ) ) ) ) )

Submitted: December 23, 2021
Decided: January 5, 2022

*Upon the Motion to Dismiss Count I of Defendants Damien Hunter, Dawn Chamberlain, and Lucretia Chamberlain,*
**DENIED.**

*Upon the Motion to Dismiss Count II Based on an Attractive Nuisance of Defendants Damien Hunter, Dawn Chamberlain, and Lucretia Chamberlain,*
**DENIED.**

## <u>ORDER</u>

R. Mark Tannyhill, Esquire, SCHWARTZ & SCHWARTZ, 1140 South State Street, Dover, DE, 19901, Attorney for Plaintiff.

Arthur D. Kuhl, Esquire, REGER RIZZO & DARNELL LLP, Brandywine Plaza West, 1521 Concord Pike, Suite 305, Wilmington, DE, 19803, Attorney for Defendants Damien Hunter, Dawn Chamberlain, and Lucretia Chamberlain.

Tracy A. Burleigh, Esquire, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, 1007 N. Orange Street, Suite 600, P.O. Box 8888 Wilmington, DE 19899, Attorney for Defendant Alicia M. Lewis.

Brian Thomas McNelis, Esquire, YOUNG & McNELIS, 300 South State Street, Dover, DE 19901, Attorney for Defendant Paulette R. Lewis.

**WHARTON, J.**

This 5th day of January 2022, upon consideration of the Motion to Dismiss Count I[1] and the Motion to Dismiss Count II Based on Attractive Nuisance[2] ("Motions") of Defendants Damien Hunter, Dawn Chamberlain, and Lucretia Chamberlain ("Moving Defendants"),[3] and the Responses in Opposition of Plaintiff D'Andra Wilson, individually and as administrator of the Estate of Dominic Johnson ("Wilson"),[4] it appears to the Court that:

1.    Wilson brought this wrongful death and survivorship action as a result of the July 4, 2018 drowning death of her four-year-old son Dominic Johnson ("Dominic").[5]    She alleges that the Moving Defendants "owned, possessed, maintained, controlled, and were responsible for the in-ground swimming pool located at 16 Franklin Avenue, Claymont, DE" where Dominic drowned.[6]  Count 1 is the Estate of Dominic Johnson's ("the Estate") survival action based on the alleged negligence of all Defendants.[7]  Count II is the Estate's survival action based on the doctrine of attractive nuisance.[8]  A third count alleging wrongful death is not the subject of a motion to dismiss.

[1] Defs.' Mot. to Dismiss Ct. 1, D.I. 26
[2] Defs.' Mot. to Dismiss Ct. II, D.I. 27.
[3] Defendants Alicia M. Lewis and Paulette R. Lewis are not parties to the Motions.
[4] Pl.'s Resp. in Opp., D.I. 30 (Mot. to Dismiss Ct. 1) and D.I. 31 (Mot. to Dismiss Ct. 2).
[5] Amend. Compl., D.I. 3.
[6] *Id.,* at ¶ 8.
[7] *Id*., at ¶¶ 17-22.
[8] *Id.,* at ¶¶ 23-32.

2.     Moving Defendants seek dismissal of Count I because, they argue, Delaware's Guest Premises Statute (25 *Del. C.* § 1501) precludes recovery.[9]  They argue that it is undisputed that the incident occurred on private land owned or possessed by the Moving Defendants, that Dominic died on the property, and that he was a guest without payment.[10]  According to them, those circumstances bar a cause of action against Moving Defendants under the statute.[11]

3.      The Motion to Dismiss Count II Based on Attractive Nuisance presents three bases for dismissal.  First, Moving Defendants contend that an attractive nuisance claim requires that the minor be unsupervised when on the property, and here, Dominic was supervised by Alicia and Paulette Lewis.[12]  Second, they argue that Wilson has failed to meet the requirements of an attractive nuisance claim.[13]  Finally, they argue that since Dominic was brought to the pool and not "attracted" or lured to it, an attractive nuisance claim cannot be maintained.[14]

4.     In response to the Motion to Dismiss Count I, Wilson states that she pled Counts I and II in the alternative.[15]  She did so because it is unclear prior to

---

[9] Defs.' Mot. to Dismiss Ct. 1, at 3-4, D.I. 26.
[10] *Id.*
[11] *Id.*
[12] Defs.' Mot to Dismiss Ct. II, at 3-4, D.I. 27.
[13] *Id.,* at 4-5.
[14] *Id.,* at 5-6.
[15] Pl.'s Resp. to Defs.' Mot. to Dismiss Ct. I., D.I. 30.

taking discovery whether Dominic was a business invitee because an adult paid for him to use the pool or whether he was a guest without payment.[16] If discovery establishes that Dominic was a business invitee, Count I survives, otherwise Wilson relies on Count II.[17]

5.    In response to the Motion to Dismiss Count II, Wilson cites *Fox v. Fox*[18] for the proposition that the Guest Premises Statute does not bar claims under the Attractive Nuisance Doctrine.[19] She distinguishes *Wilson v. Urquhart*,[20] a case upon which Moving Defendants rely and urges the Court to look to the Restatement (Second) of Torts § 343(B) as support for her contention that supervision of a minor child does not preclude a valid attractive nuisance claim.[21] As to the specific elements necessary to establish an attractive nuisance claim, she argues that the amended complaint meets those elements by alleging: (1) the in-ground pool is an artificial condition on the property; (2) the Moving Defendants knew the pool created an unreasonable risk of death to small children since four-year-old children do no appreciate the risk; (3) the utility of the pool and burden of eliminating the risk are slight when compared to the risk to small children; (4) and Moving

---

[16] *Id.*
[17] *Id.*
[18] 729 A.2d 825 (Del. 1999).
[19] Pl.'s Resp. to Defs.' Mot. to Dismiss Ct. II, at 3, D.I. 31.
[20] 2010 WL 2683031 (Del. Super. 2010)
[21] Pl.'s Resp to Defs.' Mot. to Dismiss Ct. II, at 4-5, D.I. 31.

Defendants failed to exercise reasonable care to eliminate the danger or otherwise protect small children.[22] Wilson emphasizes that it was not necessary to remove the pool to eliminate the danger to small children – all that was necessary was for Moving Defendants to rely on their training as lifeguards and equip the pool with certain safety devices.[23] Finally, Wilson argues that the notion that there cannot be liability unless the condition that caused the harm attracted the child to the premises now generally is rejected.[24]

6.      Moving Defendants ask the Court to dismiss Counts I and II under Rule 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[25] The Court's review is limited to the well-pled allegations in the complaint.[26] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[27] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[28]

---

[22] *Id.*, at 4-5.
[23] *Id.*, at 5.
[24] *Id.,* at 6.
[25] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[26] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[27] *Id.*
[28] *Id.*

6

7.     In the Amended Complaint, Wilson alleges that on July 4, 2018, the Moving Defendants opened the pool to the public and charged a fee for admission, while also admitting social guests who were not charged a fee.[29]  Count I alleges negligence with respect to business invitees.[30]  It is reasonably conceivable that Dominic was one of those who paid a fee for admission on July 4, 2018, making him a business invitee.  As a business invitee the Guest Premises Statute would not bar his claim.  Accordingly, Moving Defendants' Motion to Dismiss Count I is **DENIED**.

8.     As to the Motion to Dismiss Count II, the main points of contention are whether an attractive nuisance claim can be maintained on behalf of a supervised child, whether the necessary elements of an attractive nuisance claim have been alleged and are susceptible of proof, and whether a minor child brought to the hazard, rather that lured to it by the condition, may bring an attractive nuisance claim.  The Court answers each of those questions, "Yes."

9.   In *Fox*, the Supreme Court expressly adopted § 343(B) of the Restatement (Second) of Torts, which makes a possessor of land subject to the same liability for injuries to minor licensees as to minor trespassers.[31]  *Fox* did not speak directly to the issue of supervision, but its facts suggest that the injured minor child was under

---

[29] Amend. Compl., at ¶¶ 12, 13, D.I. 3.
[30] *Id.,* at ¶ 18.
[31] *Fox,* at 826.

the supervision of her grandparents while on the property where the injury occurred.[32] Quoting comment *b* to § 343, the Supreme Court observed that the "'possessor of the land is no less obligated to anticipate and take into account [the licensee's or invitee's] propensities to inquire into or meddle with conditions which he finds on the land, his inattention, and his inability to understand or appreciate the danger, or to protect himself against it.'"[33] Further, illustration 1 to comment *b* presents a hypothetical set of facts where the injured minor invitee is under the supervision of his mother. Thus, the clear inference is that a minor supervised invitee is not barred as a matter of law from bringing an action based on attractive nuisance.

10. Moving Defendants offer two arguments in opposition. First, they offer the recording from the Delaware Supreme Court oral argument in *Wilson v. Urquhart*[34] during which there was a discussion of the Attractive Nuisance Doctrine.[35] Moving Defendants admit that discussion was not part of the decision on appeal.[36] Talk at oral argument has no precedential value for obvious reasons. Moving Defendants second argument is that the Supreme Court upheld the Superior Court's decision on summary judgment in which this Court cited the lack of a duty

---

[32] *Id.*

[33] *Id.,* at 828.

[34] *Aff'd sub nom. Wilson v. Brown,* 2011 WL 143666 (Del. 2011)

[35] Defs.' Mot. to Dismiss Ct. II, at 4, D.I. 27.

[36] *Id.*

8

to supervise or warn a minor because of the presence of a babysitter who was responsible for the minor's supervision.[37] While Moving Defendants are correct, it is important to understand that this Court's decision in *Wilson v. Urquhart* was on summary judgment, after the facts concerning the allocation of supervisory responsibilities for the minor child had been fully developed. However, this Court does not understand *Wilson v. Urquhart* to create a bright-line rule that the mere presence of someone supervising the minor child removes any duty a possessor of the land has toward that child. Here, Moving Defendants prematurely seek dismissal before any factual record has been developed. The Court finds that when drawing all reasonable inferences in favor of Wilson, there is a reasonably conceivable set of circumstances susceptible of proof under the Amended Complaint that imposes a supervisory duty on Moving Defendants.

11.     Moving Defendants itemize the elements of an attractive nuisance claim and argue that Wilson has failed to meet them. The elements of an attractive nuisance claim under the Restatement (Second) of Torts, § 339 are:

> (a) The place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass;
> (b) The condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children;

---

[37] *Id.,* at 3-4.

(c) The children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or coming within the area made dangerous by it;

(d) The utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight compared to the risk to children involved; and

(e) The possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

Moving Defendants first argue that Wilson cannot meet the requirements of §§ 339(b) and (c) because a swimming pool is an open and obvious condition that young children and their guardians are aware could cause serious bodily injury or death.[38] Next, they argue that Wilson cannot meet her burden as to §§ 339(d) and (e) because swimming pools have great utility as common and useful sources of recreation and exercise, while eliminating the danger would require removing the pool in its entirety.[39] Wilson responds that the Amended Complaint alleges all of the elements necessary to maintain an attractive nuisance claim.[40]

12.     The Court first reviews Count II of the Amended Complaint which is the Estate's attractive nuisance claim.  In addition to incorporating all of the previous allegations of the Amended Complaint, Count II alleges: (1) the in-ground swimming pool is an artificial condition on the property;[41] (2) the pool is a condition

---

[38] *Id.,* at 4.
[39] *Id.,* at 4-5.
[40] Pl.'s resp. to Defs.' Mot. to Dismiss Ct. II., D.I. 31.
[41] Amend. Compl., at ⁋ 24, D.I. 3.

10

the Defendants knew that involves an unreasonable risk to small children;[42] (3) young children like Dominic do not realize the risk of an in-ground pool;[43] (4) the utility of maintaining the pool and the burden of eliminating the risk are slight compared to the risk to small children;[44] and (5) the Defendants failed to exercise reasonable care to eliminate the danger or otherwise protect children.[45] Therefore, it is clear that Wilson has alleged all of the elements of an attractive nuisance claim.

13. Nevertheless, Moving Defendants, maintain swimming pools are an open and obvious condition such that small children are well aware of their hazards as a matter of law.[46] Further, again citing *Wilson v. Urquhart,* the utility of swimming pools as a common source of recreation and exercise is great while eliminating the risk they pose can only be accomplished by removing the pool.[47] The Court cannot agree that, as a matter of law, small children are well aware that the dangers of swimming pools are open and obvious to children. The existence of too many possible variables prevents that conclusion. For example, the age and size of any children likely to be present at the pool, the likely exposure of those children to swimming pools generally, the depth and slope of the bottom of the pool, and the

---

[42] *Id.,* at ¶ 26.
[43] *Id.,* at ¶ 27.
[44] *Id.,* at ¶ 28.
[45] *Id.,* at ¶ 29.
[46] Defs.' Mot. to Dismiss Ct. II, at 4, D.I. 27.
[47] *Id.,* at 4-5,

accessibility of the deeper parts of the pool to small children all have a bearing on whether the dangers of swimming pools are obvious to small children. The Court also cannot agree that removing the swimming pool is the only way to eliminate the danger of drowning or otherwise protect small children. Maintaining effective surveillance by trained lifeguards as well as supplying adequate rescue items are just two examples of how the danger of drowning might be eliminated and small children protected. Accordingly, the Court finds that Wilson has alleged in her Amended Complaint all of the elements of an attractive nuisance claim and that those elements are reasonably susceptible to proof under the Amended Complaint.

14.     Finally, the Court must determine whether an attractive nuisance claim may be maintained on behalf of a child brought to the hazard and not attracted or lured to it by the hazard itself. Moving Defendants rely on *Butler v. Newark Country Club*[48] in support of their contention that the child must be attracted or lured.[49] But the passage quoted in *Butler* by Moving Defendants – "None of these conditions, however, are what lured the children to the irrigation pond"[50] – was neither relevant to the Superior Court's decision granting summary judgment, nor found in the Delaware Supreme Court's opinion affirming that decision.[51] Comment *b* to § 339

---

[48] 2005 WL 2158637 (Del. Super. 2005).
[49] Defs.' Mot. to Dismiss Ct. II, at 5-6, D.I. 27.
[50] *Butler,* at *4.
[51] *Butler v. Newark Country Club*, 909 A.2d 111 (Del. 2006).

of the Restatement (Second) of Torts also makes clear that the child need not be lured or attracted to the condition.

**THEREFORE**, the Motion to Dismiss Count I of Defendants Damien Hunter, Dawn Hunter, and Lucretia Chamberlain **DENIED.**

The Motion to Dismiss Count II Based on Attractive Nuisance of Defendants Damien Hunter, Dawn Hunter, and Lucretia Chamberlain is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.