# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GUY MORRA, WAYNE MORRA, )
ALBERT MORRA, ROBERTA FURNIER )
and ROBERT C. COLLINS, II, as )
Administrator of the ESTATE OF )
MARYANNA MORRA, )
                                    )
                  Plaintiffs, )
                                    )
                  v. )       C.A. No N22C-03-213 CEB
                                    )
700 MARVEL ROAD OPERATIONS, )
LLC, Individually and d/b/a Milford Center, )
GENESIS DE HOLDINGS, LLC, )
Individually and d/b/a Milford Center, )
GENESIS OPERATIONS, LLC, )
Individually and d/b/a Milford Center, and )
GHC HOLDINGS, LLC, Individually )
and d/b/a Milford Center, )
                                    )
                  Defendants. )

Submitted: May 19, 2023
Decided: August 21, 2023

## MEMORANDUM OPINION

*Upon Consideration of Defendants 700 Marvel Road Operations, LLC, Genesis DE Holdings, LLC, Genesis Operations, LLC, and GHC Holdings, LLC's Motion to Dismiss,*
**DENIED.**

Patrick C. Gallagher, Esquire, JACOBS & CRUMPLAR, P.A., Wilmington, Delaware. *Attorney for Plaintiffs.*

Geoffrey G. Grivner, Esquire, and Kody M. Sparks, Esquire, BUCHANAN, INGERSOLL & ROONEY, P.C., Wilmington, Delaware. *Attorneys for Defendants.*

**BUTLER, R.J.**

Plaintiff Maryanna Morra was a resident of Milford Center, which is operated jointly by 700 Marvel Road Operations, LLC, Genesis DE Holdings, LLC, Genesis Operations, LLC, and GHC Holdings, LLC (collectively "Defendants"). While in the care of the Defendants, Morra fell ill with COVID-19 and subsequently died. This action, brought by Morra's children and the administrator of her estate (collectively, with Morra, "Plaintiffs"), seeks damages for negligence surrounding her death. The Defendants move to dismiss the Plaintiffs' claims arguing that (1) the immunity provision of the PREP Act requires the Court to dismiss the action against it, and (2) the Plaintiffs' negligence claim is not pled with particularity and fails under Rule 9(b). The Court finds to the contrary on both arguments. Accordingly, the Defendants' motion to dismiss is **DENIED**.

## BACKGROUND

### A. The Parties

Milford Center is a skilled nursing facility, owned, operated, and managed by the Defendants, located in Milford, Delaware.[1] Morra was admitted to Milford Center in February 2020 because "she was not taking care of herself and contracting urinary tract infections."[2] She had a history of type 2 diabetes, heart issues, kidney issues, and high blood pressure.

---

[1] Am. Compl. ¶¶ 6, 8–11, 15–18, 21–25, 29–32, D.I. 19.
[2] *Id.* ¶ 35.

1

## B. The Allegations

Morra died of COVID-19 in April 2020, shortly after the onset of the pandemic.[3] The Plaintiffs claim that the Defendants failed to hire sufficient staff to care for their residents, implement infection prevention and control plans, screen visitors and staff, isolate patients, conduct consistent COVID-19 screenings of patients, and timely refer patients to higher levels of care.[4]

The Amended Complaint contains two counts: (1) Count I claims negligence, and (2) Count II claims wrongful death.

## C. Procedural History

The Plaintiffs filed their initial Complaint with this Court in March 2022.[5] The Defendants filed a notice of removal to the U.S. District Court for the District of Delaware in May 2022.[6] In the District Court, the Defendants essentially made the same "complete preemption" arguments[7] as the defendants in *Hansen v. Brandywine Nursing & Rehabilitation Center, Inc*.[8] Finding these arguments controlled by Third Circuit precedent that rejected them, the District Court remanded

---

[3] *Id.* ¶ 40.
[4] *Id.* ¶ 45.
[5] Compl., D.I. 1.
[6] Notice of Defs.' Notice of Removal, D.I. 11.
[7] Ex. A to *Id.*
[8] 2023 WL 587950, *cert. denied*, 2023 WL 2199610 (Del. Super. Feb. 24, 2023), *and appeal refused*, 2023 WL 2544241 (Del. Mar. 16, 2023).

the case to this Court,[9] again affirming that the doctrine of complete preemption does not apply to the PREP Act.[10]

Following remand to this Court, the parties stipulated to allow the Plaintiffs to amend the Complaint.[11] The Amended Complaint was filed on March 27, 2023. Two days later, the Defendants filed the instant motion to dismiss.[12] The Defendants seek dismissal on the grounds that the immunity provision of the PREP Act requires this Court to dismiss the action against them.[13] This is so, they argue, because the Defendants are "covered persons" who were conducting "covered countermeasures" under the PREP Act.[14] Further, the Defendants allege the Plaintiffs fail to plead negligence with particularity as required by Rule 9(b).[15]

## STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss under Rule 12(b)(1) for "[l]ack of jurisdiction over the subject matter."[16] When considering a Rule 12(b)(1) motion, "the Court need not accept Plaintiffs' factual allegations as true and is free to consider facts not

---

[9] Ex. to Letter of Remand, D.I. 12.

[10] *See Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021).

[11] Stipulation to Am. Compl., D.I. 16.

[12] Defs.' Mot. to Dismiss, D.I. 20.

[13] Defs.' Br. at 12–29, D.I. 24.

[14] *Id.*

[15] *Id.* at 30–32.

[16] Super. Ct. Civ. R. 12(b)(1).

3

alleged in the Complaint."[17] Dismissal is appropriate if "it appears by suggestion of the parties or otherwise that the Court lacks subject matter jurisdiction."[18] "Notably, [t]he burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[19]

## B. Motion to Dismiss for Failure to State a Claim

A party may move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[20] In considering a Rule 12(b)(6) motion, the Court (1) accepts as true all well-pleaded factual allegations in the complaint; (2) credits even vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable factual inferences in favor of the non-movant; and (4) denies dismissal if recovery on the claim is reasonably conceivable.[21] Dismissal is inappropriate unless "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[22]

---

[17] *Appriva S'holder Litig. Co. v. EV3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007) (internal quotation marks omitted).

[18] *Blue Cube Spinco LLC v. Dow Chem. Co.*, 2021 WL 4453460, at *5 (Del. Super. Sept. 29, 2021).

[19] *Laws v. Handy*, 2017 WL 3127783, at *2 (Del. Super. July 21, 2017) (quoting *Airbase Carpet Mart, Inc. v. Aya Assocs., Inc.*, 2015 WL 9302894, at *2 (Del. Super. Dec. 15, 2015)) (internal quotation marks omitted).

[20] Super. Ct. Civ. R. 12(b)(6).

[21] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[22] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. 2021) (internal quotation marks omitted).

Delaware's motion to dismiss standard is "minimal."[23]  It asks, "whether there is a possibility of recovery."[24]  The Court, however, need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[25]  The Court may reject "every strained interpretation of the allegations proposed by the plaintiff."[26]

"The complaint generally defines the universe of facts that the trial court may consider in ruling on a Rule 12(b)(6) motion . . . ."[27]  The Court may consider matters outside the complaint only if "the document is integral to a plaintiff's claim and incorporated into the complaint[.]"[28]  "[A] claim may be dismissed if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[29]

---

[23] *Cent. Mortg.*, 27 A.3d at 536.

[24] *Garfield v. BlackRock Mortg. Ventures, LLC*, 2019 WL 7168004, at *7 (Del. Ch. Dec. 20, 2019) (citing *Cent. Mortg.*, 27 A.3d at 537 n.13 ("Our governing 'conceivability' standard is more akin to 'possibility,' while the federal 'plausibility' standard falls somewhere beyond mere 'possibility' but short of 'probability.'")).

[25] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).

[26] *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).

[27] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

[28] *Windsor I, LLC v. CWCap. Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020) (internal quotation marks omitted).

[29] *Malpiede*, 780 A.2d at 1083.

ANALYSIS

## A. The Defendants are not entitled to dismissal.

The Defendants argue that this court lacks subject matter jurisdiction over the claims and the Plaintiffs otherwise fail to state a claim on which relief can be granted. If the immunity provision of the PREP Act immunizes the Defendants' conduct giving rise to the Amended Complaint, dismissal would be appropriate. But the Amended Complaint alleges "ordinary" negligence not protected by the PREP Act and the Plaintiffs' claims are sufficiently pled.

### 1. The Amended Complaint alleges "ordinary" negligence not protected by the PREP Act.

Under the PREP Act:

> [A] *covered person* shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a *covered countermeasure* if a declaration under subsection (b) has been issued with respect to such countermeasure.[30]

This immunity "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure."[31]

In all other PREP Act cases before this Court, whether a party is a "covered person" under the Act has been conceded and assumed for the purposes of the Court's

---

[30] 42 U.S.C.A. § 247d-6d (emphasis added).
[31] *Id.*

ruling.[32]  Here, the Plaintiffs do not concede that Defendants are "covered persons" within the meaning of the statute.[33]  Regardless, it is unnecessary to address the "covered person" issue because the Amended Complaint is not concerned with covered countermeasures.

The claims at issue are similar to those alleged before this Court in *Hansen*.[34]  In *Hansen*, the allegations were that:

> BNR failed to properly hire, train, or direct staff as to the proper protocols to be followed in the face of the Pandemic. The Plaintiffs further allege that BNR failed to follow emergent CDC guidelines concerning hygiene, segregation, and visitation, and were negligent in other respects that may be uncovered during discovery.[35]

In *Hansen*, the Court rejected the argument that these claims related to the use or administration of covered countermeasures simply because "some countermeasure or another was used at the facility—thermometers, examination gowns, surgical apparel, etc."[36]  This argument, the Court reasoned, "confuses suits over the administration of a countermeasure itself—which is clearly immunized—with suits concerning

---

[32] *Hansen*, 2023 WL 587950, at *3 ("The Plaintiffs concede that BNR is a 'covered person' under the statute. . ."); *Smith v. Serafimova*, 2023 WL 3582388, at *5–6 (Del. Super. May 18, 2023) (analyzing whether the alleged misfeasance was a "covered countermeasure" without addressing the issue of whether Defendants were "covered persons"); *Santo v. Genesis Healthcare, Inc.*, 2023 WL 3493880, at *4 (Del. Super. May 16, 2023) ("Plaintiff concedes that Defendant is a covered person within the meaning of the statute. . .").
[33] Pls.' Resp. at 9, D.I. 30.
[34]  *See* 2023 WL 587950.
[35] *Id.* at *1.
[36] *Id.* at *6.

7

prevention of infection."[37]  These claims amounted to nothing more than "ordinary"

negligence.[38]

> Here, the Plaintiffs allege Defendants were negligent in the following ways:
>
> a. Failure to hire sufficient staff to care for residents;
> b. Failure to provide and implement an infection prevention and control plan;
> c. Placing profits above patient care;
> d. Failure to screen visitors and staff to the Milford Center;
> e. Failure to isolate patients;
> f. Failure to consistently conduct COVID-19 screenings of patients; and
> g. Failure to timely refer a patient to a higher level of care when there was a significant change in condition.[39]

As in *Hansen*, the Plaintiffs here assert claims regarding the allegedly negligent

administration of basic infectious disease protocols.[40]  Further, many of the

allegations refer to the Defendants' failure to act, rather than the administration of

---

[37] *Id.*

[38] *Id.* at *8.  The two other PREP Act cases in Superior Court similarly alleged "ordinary" negligence.  In *Santo*, the plaintiff claimed that defendants negligently housed residents in proximity (both symptomatic and asymptomatic), inadequately staffed the facility, failed to train staff on COVID prevention, failed to follow applicable guidelines to prevent the spread of infection.  *See Santo*, 2023 WL 3493880, at *1, 8.  In *Smith*, the plaintiff alleged the defendants were negligent in their failure to timely "discontinue the use of significant doses of anticoagulants," but did not allege the drug was negligently prescribed, administered, or used; nor that it was the proximate cause of the patient's injury.  *See Smith*, 2023 WL 3582388, at *5–6.

[39] Am. Compl. ¶ 45.

[40] *Id.*

some countermeasure.[41] The Court held in *Hansen* that there is no PREP Act immunity for *not* employing a countermeasure.[42]

### 2. The Plaintiffs' negligence claims satisfy Rule 9(b).

Rule 9(b) requires that negligence be pled with particularity.[43] "The purpose of Rule 9(b) is one of fairness and notice."[44] Generally, to satisfy Rule 9(b), the plaintiff must allege: "(1) what duty, if any, was breached; (2) who breached it; (3) what act or failure to act breached the duty; and (4) the party upon whom the act was performed."[45]

Pleadings that comply with Rule 9(b) cannot merely "state the result or conclusion of fact arising from circumstances not set forth in the declaration, nor. . . make a general statement of the facts which admits of almost any proof to sustain it."[46] But in the context of medical negligence actions, Rule 9(b) must be applied "in light of the particular situation presented by the case."[47] "Less particularity is required

---

[41] *Id.*
[42] *See Hansen*, 2023 WL 587950, at *6 (listing cases).
[43] *Id.*
[44] *Murry v. Mason*, 244 A.3d 187, 192 (Del. Super. 2020) (quoting *Fox v. Fox*, 729 A.2d 825, 826 n.2 (Del. 1999)).
[45] *Parseghian v. Frequency Therapeutics, Inc.*, 2023 WL 3533479, at *2 (Del. Super. May 18, 2023) (internal citations omitted).
[46] *Murphy v. Bayhealth Medical Center*, 2006 WL 509544, at *3 (Del. Super. Jan. 9, 2006) (internal quotation mark omitted).
[47] *Riggs Nat. Bank v. Boyd*, 2000 WL 303308, at *4 (Del. Super. Feb. 23, 2000).

9

when the facts lie more in the knowledge of the opposite party, than of the party pleading."[48]

Here, direct allegations are made against the Defendants for its failure to hire sufficient staff to care for residents, implement infection prevention and control plans, screen visitors and staff, isolate patients, conduct consistent COVID-19 screenings of patients, and timely refer a patient to a higher level of care.[49] These allegations are not, as the Defendants suggest, "threadbare" conclusions "wholly insufficient to overcome a motion to dismiss."[50] The Court is satisfied that the Amended Complaint sufficiently gives notice to the Defendants of the claims against them.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

---

[48] *Myer v. Dyer*, 542 A.2d 802, 805 (Del. Super. 1987).
[49] Am. Compl. ¶ 45.
[50] Defs.' Br. at 31.